HAROLD T. MORTON and ANNA CONDON MORTON v.
LEON A. HOLADAY

164 So. 514.
Division B.
Opinion Filed December 3, 1935.
Rehearing Denied December 31, 1935.

*Knight, Pace & Paine,* for Plaintiffs in Error;
*Peters & Kemp,* for Defendant in Error.

BUFORD, J.—The writ of error under consideration brings for review judgment in favor of the plaintiff in the court below, defendant here, for personal injuries sustained in an automobile collision.

The verdict was for $4,000.00. After order of the court, remittitur was entered for $67.00, so the judgment stood for $3,933.00, plus costs.

A careful consideration of the evidence discloses that the judgment was excessive.

Except for the amount of the verdict and judgment, we would be unable to see any reversible error disclosed by the record, but it does appear from the record that a witness, when testifying in behalf of the plaintiff, stated that at or about the time of the accident the owner of the automobile by which the plaintiff was injured stated that the automobile was insured. This evidence appears to have gone in unsolicited by counsel and, immediately after the witness

had given that testimony, the trial judge instructed the jury that they would not consider that testimony as evidence in the case. The verdict indicates, however, that the jury could not forget that an insurance company would be required to pay the judgment.

We think that in view of this condition justice demands that a new trial be had.

The judgment is, therefore, reversed and the cause remanded.

So ordered.

Ellis, P. J., and Terrell, J., concur.

Whitfield, C. J., and Brown, J., concur in the opinion and judgment.

Davis, J., dissents.

Davis, J. (dissenting).—If juries are rendered incompetent to try a case merely because an unwitting suggestion is made in their presence that the defendant is insured against liability, then we should abandon the jury system because if such is the case, the ordinary run of mankind is unfit to be trusted with the judgment of business affairs at all. Human rights are certainly as important as property rights. And yet we as an appellate court sustain judgment in criminal cases wherein the prosecuting attorney injects in cross examination of a defendant testifying as a witness in his own behalf the fact that the defendant has been previously convicted of a crime (where such is a fact) although we must know, as practical men, that the trial jury in the case is very likely to be somewhat prejudicially impressed by such testimony as against the defendants. On the other hand the defendant sometimes succeeds in doing the same thing against the State. I think the true rule is that when the trial judge takes proper action to caution

a jury against being influenced or prejudiced by outside consideration, the verdict must be allowed to stand unless clear injury is shown notwithstanding the judge's charge.