ANNIE L. HOLLEY, *et al.*, v. MARTIN L. SHAW, *et al.*, as Assignees of and in the name of Shaw's Incorporated.

196 So. 863
Division A
Opinion Filed June 21, 1940

*T. B. Ellis, Jr.*, for Plaintiffs in Error;

*D. C. Smith*, for Defendants in Error.

PER CURIAM.—In this case two questions are presented for our consideration which are posed by the plaintiffs in error as follows:

"1. Is an instrument of assignment receivable in evidence, which purports to be from a Florida corporation, wholly in default under Chapter 14677, Laws of Florida, Acts 1931, and dissolved for such default, alleged executed before default, but the physical condition of which shows material alterations, under highly suspicious circumstances, and the execution of which prior to such default is denied by the answer, and which alterations and suspicious circumstances are wholly unexplained by the party offering same?

"2. Ought a Court of Florida to entertain and permit

to be maintained, contrary to Chapter 14677, Laws of Florida, Acts of 1931, as amended, an action or proceeding initiated in such court, in the name of a Florida corporation wholly in default, and dissolved for such default, under said law, which action necessarily must be brought in such corporation's *name?*"

A petition for writ of *scire facias* was filed in the court below. The writ was issued.

Joint and several answers were filed. An examiner was appointed to take testimony. Later an order was made substituting a new examiner for the one first appointed.

Final judgment was entered on evidence taken which, *inter alia,* ordered.

"It Is Thereupon Ordered and Adjudged that Martin L. Shaw and H. O. Shaw, as assignees of and in the name of Shaw's, Incorporated, a corporation, the petitioners herein, have execution for the deficiency decree mentioned in the writ heretofore issued herein, said decree being dated December 5th, 1928, and recorded on February 4th, 1929, in Chancery Order Book 8, page 48, records of the Circuit Court of Saint Lucie County, Florida, and being in the principal sum of $1605.87; let execution issue, according to the force, form and effect of the deficiency decree aforesaid."

Costs were taxed against plaintiff in error.

The principal contention made was that a certain assignment of judgment, the original of which has been certified to this Court, was fraudulent and void. The assignment, the other original exhibits and transcript of the record have been examined. The record amply supports the judgment of the Circuit Court. Therefore, the judgment should be, and is affirmed.

So ordered.

Terrell, C. J., and Buford and Thomas, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.