62 So.2d 47 (1952)
GOULD et al.
v.
WEIBEL.
SLIMER
v.
WEIBEL.
Supreme Court of Florida, Special Division A.
December 22, 1952.
Shackleford, Farrior, Shannon & Stallings, Tampa, for appellants.
*48 Lindsey & Cargell, St. Petersburg Beach, and Mann, Harrison & Stone, St. Petersburg, for appellee.
ROBERTS, Justice.
The sole question here is whether an insurance company must be joined as a party plaintiff in a suit by the insured against a third party tort-feasor where the insurance company has advanced to the insured, by means of a "loan receipt" transaction, an amount equal to the insured's loss and for which the suit against the third party is being prosecuted.
The loan receipt agreement in the instant case was of a type which appears to be in general use throughout the country. Under its terms, the insurance company advanced as a "loan" to the insured the amount of his loss to the extent of the company's liability, which loan was repayable to the company only in the event and to the extent of any net recovery the insured should make from those liable for the loss. It was also provided therein that the insured would make claim to and prosecute suit for the recovery thereof, and that "Any legal proceedings are to be under the exclusive direction and control of said company."
In the instant suits (which were consolidated for trial and for the purpose of this appeal), the trial judge required the plaintiffs, the appellants here, to amend their complaints to show that suit was being brought "for the use and benefit of" their respective insurers, the sole basis for such action being  so far as the record shows  the loan receipt transactions above referred to. The jury found in favor of the defendant in both cases, judgments were entered thereon, and this appeal followed.
While there are some decisions to the contrary, see Cleveland Paint & Color Co. v. Bauer Mfg. Co., 155 Ohio 17, 97 N.E.2d 545; Deming v. Merchants' Cottonpress & Storage Co., 90 Tenn. 306, 17 S.W. 89, 13 L.R.A. 518, it is generally held that a "loan receipt" arrangement is a lawful agreement and that the loan thus made is not, per se, such a payment of insurance as to make the insurer the "real party in interest" under statutes requiring suit to be brought by such party. See Eber Bros. Wine & Liquor Corp. v. Firemen's Ins. Co., D.C., 30 F. Supp. 412; Blair v. Espeland, 231 Minn. 444, 43 N.W.2d 274; Klukas v. Yount, 121 Ind. 160, 98 N.E.2d 227; National Shawmut Bank of Boston v. Johnson, 317 Mass. 485, 58 N.E.2d 849; Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 143 Neb. 404, 9 N.W.2d 807; Dixey v. Federal Compress & Warehouse Co., 8 Cir., 132 F.2d 275; Newco Land Co. v. Martin, 358 Mo. 99, 213 S.W.2d 504.
The opinion most frequently cited by the courts in upholding the validity of loan receipt transactions is that of the Supreme Court of the United States in Luckenbach v. W.J. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 55, 63 L.Ed. 170. In that case, it appears that the liability of the insurer was contingent upon the outcome of litigation between the insured and a third party. The Supreme Court stated that "Whether the transfer of money or other thing shall operate as a payment, is ordinarily a matter which is determined by the intention of the parties to the transaction", and in giving full force and effect to the loan receipt transaction involved in that case, stated that "It is creditable to the ingenuity of businessmen that an arrangement should have been devised which is consonant both with the needs of commerce and the demands of justice."
In the instant cases, the insurance policies upon which the insurers' liability was based are not before this court; nor is there anything in the record to show what was the actual intention of the parties in entering into the "loan receipt" agreements. Even if it be assumed, however, that the liability of the insurers was absolute (and not contingent, as in the Luckenbach case), we are not persuaded that this fact, together with the advancements under the loan receipt agreements, is conclusive on the question of whether the insurers were necessary parties plaintiff in the instant suits. As stated in Blair v. Espeland, supra: [231 Minn. 444, 43 N.W.2d 277.] "For the purposes of the real party in interest statute, it is enough for the defendant `to know that the plaintiff is *49 the party in legal interest, and that a recovery by him will be full protection against another suit by the assignor.' Anderson v. Reardon, 46 Minn. 185, 186, 48 N.W. 777."
A case very similar in its facts to the instant case is Capo v. C-O Two Fire Equipment Co., D.C., 93 F. Supp. 4, 6, where the insured had been advanced, as a "loan", the amount of his loss by fire and where the liability of the insurer was absolute, rather than contingent. The insured thereafter brought suit against a third party to recover for the loss. In denying the defendant's motion to compel the insured to join the insurer as a party plaintiff, the court said: "The `real party in interest,' within the meaning of the rule, is that party who, under the substantive law, has a legal right to enforce the claim. * * * The present plaintiffs retained the legal right to enforce their claim against the defendant, a claim for damages for breach of warranty; the insurers acquired nothing more than a beneficial interest in the recovery, if any. Any other construction would defeat the clear intent of the parties, the plaintiffs and the insurers, as expressed in the loan receipt."
Under the law of this state, the legal right to enforce the claim against the tort-feasor remains in the insured, even after payment of the loss by the insurer, and can be enforced by the insurer only in the right of the insured and, at law, only in the name of the insured for the use and benefit of the insurer. Atlantic Coast Line R. Co. v. Campbell for Use and Benefit of National Fire Ins. Co., 104 Fla. 274, 139 So. 886.
No contention is here made that the substantive rights of the defendant will be prejudiced by the failure to join the insurers as parties plaintiff, nor that the defendant will be subjected to a second claim for the one wrong; and, indeed, such contentions could not be sustained. The judgments in the instant suits will be final and conclusive and will bar any further action on the same claim by either the plaintiffs or the insurers, even though the insurers had not been joined as parties plaintiff. See Capo v. C-O Two Fire Equipment Co., supra. The defendant contends only that he is entitled to defend against the insurers by name, but we find nothing in our "real party in interest" statute to require such a holding, under the circumstances shown by the record before us.
It should also be noted that our "real party in interest" statute, respecting civil actions at law, Section 45.01, Florida Statutes, F.S.A., is permissive, only. Jennings v. Pope, 101 Fla. 1476, 136 So. 471. It also specifically provides that the trustee of an express trust "may sue without joining with him the person for whose benefit the action is prosecuted." If, then, the insured is, under the circumstances here existing, a "trustee of an expressed trust" (and it has been so held, see Dixey v. Federal Compress & Warehouse Co., 8 Cir., 132 F.2d 275), there is an additional reason under our statute to hold that the insured may bring suit in his own name without joining or naming the cestui que trust. See 39 Am. Jur., Parties, Sec. 18, page 874.
It was, therefore, error to compel the plaintiffs in the instant suits to join the insurers as parties plaintiff, and it was not harmless error. This court cannot blind itself to the fact that the presence of an insurance company in litigation has some effect on the verdict returned by the jury, as witness the fact that it is generally held that the unnecessary disclosure to the jury of the presence of a liability insurance company in a negligence trial warrants a mistrial. See Morton v. Holaday, 121 Fla. 813, 164 So. 514; 38 Am.Jur., Negligence, Sec. 328, page 1025. This is not a "terrible indictment of the jury system," as suggested by the defendant, but simply a realistic approach to the problem.
For the reasons stated, the judgments appealed from are reversed and the causes remanded for new trial.
Reversed and remanded for new trial.
SEBRING, C.J., TERRELL, J., and WHITE, Associate Justice, concur.