SKENE v. O'DWYER et al.

No. 14150.

United States Court of Appeals
Fifth Circuit.

June 18, 1953.

910

Stovall Lowrey and Vincent J. Brocato, Clarksdale, Miss., for appellant.

E. Cage Brewer, Jr., William O. Luckett, and Brewer & Brewer, Clarksdale, Miss., of counsel, for appellees.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

The only question presented by this appeal from a judgment in favor of the defendant[1] Mrs. Maelene B. O'Dwyer (appellee) in an action for personal injuries is whether the evidence at the trial, with the inferences that the jury justifiably could draw from it, was sufficient to support the verdict for defendant.

The plaintiff charged in her complaint that her injuries were caused by the negligence of defendant in driving her car across the center line of the highway directly into the path of plaintiff's automobile. The defendant denied that the accident was caused or resulted from any negligence on her part. On appeal plaintiff contends that the District Court erred in denying her motion for a directed verdict made at the close of the evidence and in denying her motion for judgment n. o. v. and for a new trial in the alternative.

There is no substantial dispute as to the facts. On the afternoon of June 4, 1951, at about 4:30 P. M., defendant, accompanied by her father and three children, was driving a Packard automobile south on U. S. Highway 49 in Coahoma County, Mississippi. A light mist of rain was falling and the highway was wet. Defendant testified that she was driving in a careful and prudent manner and at a speed of 40 to 45 miles per hour, and her car was in good mechanical condition. When nearing the point where Mattson Road intersects the highway she saw a green car some distance ahead and when at least one hundred yards away she saw its brake lights flashing on and off. Having no assurance that the car would not stop in the middle of the highway she prepared to stop and applied her brakes lightly to reduce the speed of her car. After she had slowed down for quite some distance her car suddenly and for some unknown reason skidded to her left so as to be headed in a generally easterly direction straddling the east or north bound lane of the highway. When her car through no fault of her own went out of control she could do nothing other than put her foot on the brakes and try to stop for despite her efforts she was unable to keep the front wheels of her car straight in the road. At this time, a Pontiac automobile driven by plaintiff was approaching the scene from the opposite direction. Defendant saw this car before she began to slow down and when her car started to skid the Pontiac was a short distance below the Mattson intersection. The accident happened near this intersection and after the green car ahead of defendant had turned into the

[1]. A summary judgment in favor of the defendant Bernard L. O'Dwyer was entered by the trial court prior to the trial on the merits but no appeal is taken by appellant from this judgment.

Mattson road and had traveled 150 or 200 feet. It occurred in a matter of seconds after the Packard had skidded directly across the highway and into the path of the oncoming Pontiac.

Mr. A. J. McMillen, a disinterested witness, testified that he was trailing defendant's car at a distance of about 250 feet and that she was driving about 45 miles per hour prior to the time when she began slowing down near the Mattson crossing. He stated that she had slowed down to almost a stop when all of a sudden her car skidded and turned directly across the highway in front of plaintiff's car. He said there was some oil where defendant's car skidded and turned around and that one could see it very plain behind a light drizzling rain. It appeared to him that the oil slick was about three feet from the edge of the highway at a point which was north of and in close proximity to the Mattson intersection. He stated that defendant was not attempting to pass any car at the time her automobile started skidding and that the green car which was ahead of defendant had turned off of the highway and was some 150 feet or more west of the highway and on the Mattson road at the time of the accident. He stated further that he could not judge the speed of plaintiff's car, and though it did not seem to be going very fast it traveled some distance after the impact and ended up about 30 feet north of the intersection.

The plaintiff on this appeal contends that the proof shows that defendant violated the motor vehicle statutes[2] of the State of Mississippi in failing to keep her automobile upon the right half of the highway and in swerving it to the left side thereof and that such violation was the sole, direct and proximate cause of the injuries to plaintiff. As a second and related ground for reversal it is urged that under the dangerous condition then existing defendant was guilty as a matter of law in failing to keep her automobile under such control as to avoid injury to persons and property and that such negligence was the sole and proximate cause of the injuries to plaintiff. On the basis of these contentions plaintiff seemingly argues, and we think without justification, that as a matter of law there was an absolute duty on the part of defendant to stay on her side of the road. Further, that there was no substantial credible evidence that defendant used correct driving methods and was on the wrong side of the road because of an oil slick which she could not in any way anticipate.

The defendant on the other hand confidently asserts that the mere fact that her car skidded onto the wrong side of the highway by reason of circumstances over which she had no control and for which she was in no wise responsible does not establish negligence per se or a violation of the statute. She insists that the credible evidence shows that the accident was an unavoidable one caused solely by her automobile skidding on an oil slick which she could not have known was there.

■ The evidence which we have already detailed demonstrates that there was sufficient probative evidence, with the inferences that the jury could draw from it, to support the verdict for the defendant. The questions at issue were questions of fact. From the evidence presented, considered in the light most favorable to defendant, as we must view it, the jury could reasonably find as it doubtless did, (1) that appellee did not voluntarily or negligently enter into the wrong lane of traffic, (2) that the skidding of her car was brought about when she encountered an unexpected and unanticipated oil slick in the highway, and (3) that she did everything humanly possible to keep her car under control and in the face of the sudden emergency which was not of her own making she exercised reasonable care and prudence. In the face of this, the trial court did not err in overruling plaintiffs' motion for judgment n. o. v. and for a new trial. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 485, 53 S.Ct. 252, 77 L.Ed. 439; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 233, 74 L.Ed. 720.

2. Sections 8181 and 8182 of the Mississippi Annotated Code of 1942.

". ▇ "Only when there is a complete absence of probative facts to support the conclusions reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve. whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916.

We believe that the evidence adduced at the trial, with the inferences that the jury justifiably could draw from it, was sufficient to support the verdict rendered for the defendant. Accordingly, the judgment entered for the defendant by the District Court is hereby

Affirmed.