**INDAMER CORPORATION,**

v.

**C. H. CRANDON, et al.**

No. 14909.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1954.

Leo M. Alpert, Miami, Fla., for appellant.

Frank A. Howard, Jr., H. Reid De-Jarnette, Dixon, DeJarnette & Bradford, Miami, Fla., for appellees.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This case is before us for the second time. The appellant, in 1948, sued the appellees in addition to a third defendant, Air Transport Maintenance Co., to recover for the destruction by fire of an airplane owned by appellant. At the close of the plaintiff's case on the first trial, the Court directed verdicts for the three defendants. This Court reversed the judgment of the trial court based on the directed verdicts as to the two present appellees, and affirmed as to the third party who is now no longer a party to the litigation. Indamer Corporation v. Crandon, 5 Cir., 196 F.2d 5.

On the second trial the jury returned a verdict for $10,000 for the plaintiff. Plaintiff filed a motion for judgment N.O.V. for $50,000 or, in the alternative, for a partial new trial—for a new trial on the matter of damages alone. This motion was based on the contention that there was no evidence before the jury that could justify a verdict of that size, contending that the only evidence as to value was the opinion evidence of one Rogers to the effect that planes of the type lost by Indamer were selling from $45,000 to $100,000 at the time of the loss; this plane was worth about $75,000, but probably not worth $25,000 in 1950 (the loss was in 1948), and that he "would say the value would be around $50,000," and the fact that the plane had been purchased two weeks previously for $37,000. Plaintiff contended that the only conceivable reason for the jury's awarding such inadequate damages in relation to the proven value of the airplane was that the jury was influenced by an improper statement by the defendants' counsel that the plaintiff had been fully indemnified and had collected $50,000 from London Lloyds Insurance Company; that the plaintiffs "have no interest whatever in the outcome of this lawsuit, and that therefore they are not the proper people to bring this lawsuit."

It will serve no useful purpose to repeat the history of the early efforts made by the defendants to raise the "real party in interest" point and the equally consistent efforts of appellant to eliminate the issue and to put it to rest before the second jury was assembled to try the lawsuit. Suffice it to say, the law of the case was to the effect that on the showing made before the second trial the court had held that there was no merit to defendants' contention that Indamer was not the real party in interest, but the court had kept open to defendants the right to produce additional evidence on the point, the Court having said this was done "on the basis of representations made to the Court by counsel for defendants they had additional evidence on the issue but did not wish to present it at that time." Thus, when the present trial opened and counsel for defendants made the statement complained of, appellant's counsel was in the dilemma that, though he knew the statement was prejudicial to his client, the previous rulings of the Court, prior to the first appeal, had left it open to the defendants to bring forward additional proof on this point. He therefore would not be heard to move

for a mistrial, although he did object to the statement, when made.

Subsequently, after the plaintiff's case was closed, the defendants' counsel sought to offer in evidence a deposition by one Adams as to the insurance contract. This was the same evidence that had been held insufficient on the pretrial hearing to establish defendants' contention that plaintiff was not the real party in interest. Defendants, notwithstanding their prior representation to the court that they had additional evidence on the point, produced none. Thereupon, the trial court ruled that this evidence did not sustain the defense as to "real party in interest," a ruling that had been made two years previously, before the first trial. In this posture of affairs the plaintiff's counsel did not then move for a mistrial based on what now became, for the first time, improper remarks of counsel in his opening statement to the jury.

■ 1. We cannot consider defendants' contention that the trial court erred in refusing to enter judgment notwithstanding the verdict, because under the Federal Rules no such motion can be considered unless the moving party has made a timely motion for a directed verdict at the close of all the evidence. Fed. Rules Civ.Proc. rule 50(b), 28 U.S.C.A. No such motion was made here.

■■ 2. Ordinarily, of course, this court does not examine the evidence adduced before a trial jury to determine whether it is sufficient to sustain a verdict. This is particularly true when there is substantial conflict in the evidence.[1] The same rule applies, in general, to the reluctance of an appellate court to review the refusal of the trial court to grant a motion for a new trial.[2]

■ 3. However, the rule is clear that an order denying a motion for a new trial, in a case where the absolute absence of evidence to support the jury's verdict makes such refusal an error in law, is subject to review by the appellate courts. Campbell v. American Foreign S. S. Corp., 2 Cir., 116 F.2d 926, 928. See the comments of the United States Supreme Court in Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 482–484, 53 S.Ct. 252, 77 L.Ed. 439; United States v. Johnson, 327 U.S. 106, 111–112, 66 S.Ct. 464, 90 L.Ed. 562; and Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916.[3]

■ 4. Where it is evident from the undisputed issues presented by counsel in their briefs in this court that the amount of damages found by the jury clearly bears no relation to the proof submitted, and where it is shown, as here, that the jury has been permitted to hear the improper contention made by the defendants that the plaintiff had already been paid $50,000 by a foreign insurance company and had no interest in this case, we are not prevented from reviewing the action of the trial judge in denying a motion for a partial new trial.

■ 5. The trial court had the power prior to the adoption of the Federal Rules, and now has under the express authority of such Rules, to grant a partial new trial in a proper case. Thorpe v. National City Bank, 5 Cir., 274 F. 200;

1. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 248, 60 S.Ct. 811, 84 L.Ed. 1129; Pennsylvania Thresherman & Farmers' Mut. Cas. Ins. Co. v. Crapet, 5 Cir., 199 F.2d 850, 853, and cases there cited.

2. United States v. Johnson, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562; Bastine v. Atlantic Coast Line R. Co., 5 Cir., 205 F.2d 457, 459.

3. In the case last cited, the Court said:
"Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable."

See also Skene v. O'Dwyer, 5 Cir., 204 F.2d 909, where we quoted the above passage.

May. Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830; Rule 59(a), F.R.C.P. It would seem that a review of the granting or denial by the trial court of a motion for such partial new trial is logically subject to the same restrictions as on the grant of a completely new trial; *i. e.*, the action of the trial court should not be reversed unless a legal error has been committed, as where there has been no evidence introduced which could support the verdict on the point on which the new trial is sought.

■ Where the issue as to which a new trial is required is separate from all other issues, and the error requiring a new trial does not affect the determination of any other issue, the scope of the new trial may be limited to the single issue. Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, Sec. 1307 at pp. 244–245.

Here the jury necessarily found defendants liable for the negligent destruction of the plane; otherwise no verdict could have been found for plaintiff. As said by us in the case of Legler v. Kennington-Saenger Theatres, 5 Cir., 1949, 172 F.2d 982, 984: "The jury found that the plaintiff was entitled to recover and, if she was, it seems absurd to us that she was awarded only nominal damages."

The verdict in that case was for $254. This exceeded the medical expenses and cost of broken glasses by approximately $100, but, as stated by Judge McCord, amounted to barely one-eighth of the monetary damage shown (although these other elements were in dispute). See also in this connection May Department Stores Co. v. Bell, supra.

6. In an application of the above principles to the record here before us, we find: That during the more than four-year course of this litigation the defendant consistently sought to inject into the case the fact that the plaintiff had been protected by insurance issued by London Lloyds Insurance Company; the plaintiff sought equally strenuously to eliminate this issue before the two jury trials; the present trial came on under circumstances which made it highly impracticable, if not legally impossible, for the plaintiff to prevent the defendants' counsel from making the prejudicial statement in his opening remarks to the jury; the evidence showed a value of the destroyed airplane of $50,000, as testified to by an impartial witness and a very recent purchase price of $37,000, as introduced in evidence by the defendants themselves over the objection of plaintiff; the jury was influenced, at least initially, by the statement of defense counsel, as shown by the fact that the jury returned to the Court and asked the Court: "Your Honor, has it been established that any insurance has been paid on this plane that was destroyed?"; the Court at this point sought to the best of his ability to eliminate the question of insurance, saying: "There is no proof in here on the question of insurance because it is not a material issue in the case. It would be immaterial to the rights of the parties here—any question with reference to insurance * * *"; the jury found a verdict for the plaintiff in the sum of $10,000 after deliberating approximately four and a half hours.

7. That the injection into a suit for the alleged negligent destruction of plaintiff's airplane by fire of the statement by defendants' counsel "we shall show you that as a result of this fire Indamer Corporation collected $50,000 from London Lloyds Insurance Company * * * it is our contention that the Indamer Corporation has been completely indemnified and that they have no interest whatever in the outcome of this lawsuit * * *" was highly prejudicial to plaintiff seems beyond question. Altenbaumer v. Lion Oil Co., 5 Cir., 186 F.2d 35; Western Fire Insurance Co. of Fort Scott, Kan. v. Word, 5 Cir., 131 F.2d 541; Gould v. Weibel, Fla., 1952, 62 So. 2d 47; Morton v. Holaday, 1935, 121 Fla. 813, 164 So. 514.

■ The cases cited by appellee to the effect that a charge by the Court to disregard such a statement sufficiently corrects this matter are inapplicable where, as here, the record discloses that

at the end of 40 minutes deliberation the jury asked the Court: "Has it been established that any insurance has been paid on this plane that was destroyed?" and that only then, after sending the jury to lunch for an hour, the Court instructed the jury to disregard the question of insurance and that it would be immaterial to the rights of the parties. For a recent Florida decision establishing this principle, see Carls Markets, Inc. v. Meyer, 69 So.2d 789.

■ 8. In the circumstances here present, where a statement of defendants' counsel clearly prejudicial to the plaintiff's case was made after the plaintiff had exhausted its means to have the issue of insurance disposed of before the start of the jury trial, as is contemplated by the Rule providing for pretrial hearings, and where the prejudicial effect of such statement was fully known to counsel making it; and where counsel's subsequent failure to produce any evidence which even under his contentions would make it proper, the defendants can not here complain that the failure of plaintiff's counsel to move for a mistrial when the law of the case then applicable would have prevented it, makes it inappropriate for us to consider the baneful effect of the improper statement in considering whether the trial court abused its discretion in denying a partial new trial on the issue of damages where the damages awarded were only a fractional part (27% of the cost of the plane as proved by defendants on the issue of value and 20% of the value as testified to by a disinterested witness).

9. For the reasons stated and in the unusual circumstances here present, we are convinced that the failure of the trial court to grant a partial motion for new trial as demanded by plaintiff on the amount of damages alone was reversible error.

Reversed and remanded with directions that the trial court grant to the plaintiff a new trial limited to the issue of damages alone.