**R. J. REYNOLDS TOBACCO COMPANY, a corporation, etc., et al., Plaintiffs,**

v.

**LANEY AND DUKE STORAGE WAREHOUSE COMPANY, Inc., a corporation, Defendant.**

No. 63-208-Civ.-J.

United States District Court
M. D. Florida,
Jacksonville Division.

Feb. 16, 1966.

Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., and Robins, Davis & Lyons, Minneapolis, Minn., for plaintiffs.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., for defendant.

McRAE, District Judge.

After fire had destroyed portions of defendant's warehouse and a large quantity of goods stored therein, the owners of the goods brought this action. Defendant alleges that the plaintiffs have been recompensed by their insurance carriers and has moved that the insurance companies, as the real parties in interest, be made plaintiffs. The motion has not been made with regard to plaintiff U. S. Borax & Chemical Company, since the case file at the present time does not clearly set forth that plaintiff's relationship with its insurance carrier.

The record shows that all but three of the plaintiffs received insurance money through loan receipt arrangements. Although such "loans" seem to be mere subterfuges, both the Fifth Circuit and the Supreme Court of Florida have found

that these arrangements do not require the insurance company to be joined as party plaintiff. See, e. g., Celanese Corp. of America v. John Clark Indus., 214 F.2d 551 (5th Cir. 1954); Gould v. Weibel, 62 So.2d 47 (Fla.1952).

The insurance carriers for plaintiffs R. J. Reynolds Tobacco Company and Smith, Kline & French Laboratories, on the other hand, paid off these plaintiffs' claims and took subrogation receipts for the amounts paid. Because of deductibles written into the policies in question, the total loss was not recovered by these plaintiffs. (Reynolds, however, has elected not to sue for the $5,000 deductible not paid by its insurance carrier.)

■ When there has been part payment and the defendant timely objects, federal courts normally have required the partial subrogee to be joined as a real party in interest. 3 Moore, Federal Practice ¶ 17.09, at 1346–1349 (2d ed. 1948). Florida law, however, is unusual; under it, "the legal right to enforce the claim against the tort-feasor remains in the insured, even after payment of the loss by the insurer, and can be enforced by the insurer only in the right of the insured and, at law, only in the name of the insured for the use and benefit of the insurer." Gould v. Weibel, 62 So.2d 47, 49 (Fla.1952). And, in a diversity action such as this, state law is determinative on the question of which person possesses the right sought to be enforced. Plaintiffs therefore argue that the insureds, and only the insureds, can bring this suit.

■ A distinction must be made, however, between the substantive right of a subrogee to be reimbursed from the proceeds of any recovery in an action against the tort-feasor and the procedural rule concerning the person who may enforce the subrogee's right to the money. The unusual Florida rule quoted above relates only to the procedural question, and in federal actions, of course, federal law controls with respect to procedural matters. The two partial subrogees,

therefore, must be joined in this action. Accord, Continental Bus Systems, Inc. v. Rohwer, 172 F.Supp. 487 (D.Colo.1959).

It is therefore, after due notice and hearing, and upon consideration,

Ordered:

1. Motion of plaintiff, R. J. Reynolds Tobacco Company, for leave to substitute Employers Fire Insurance Company, a Massachusetts corporation, as party plaintiff in its place is granted. The proposed paragraph 5 to Count One and the proposed paragraph 4 to Count Two of plaintiffs' second amended complaint, set forth in the motion for leave to substitute party plaintiff, are hereby added to the second amended complaint.

2. Defendant's motion to require real parties in interest to be made plaintiffs, as amended on December 29, 1965, is granted with respect to plaintiff Smith, Kline & French Laboratories. The Insurance Company of North America, therefore, is added as a party plaintiff. Said motion is denied in all other respects.