195 So.2d 39 (1967)
Donald E. CLARK, a Minor, by and through His Father and Next Friend, David E. Clark, and David E. Clark, Individually, Appellants,
v.
YELLOW CAB COMPANY OF MIAMI, a Florida Corporation, and Benjamin Richard Adams, Appellees.
No. 66-366.
District Court of Appeal of Florida. Third District.
February 14, 1967.
Wilson & Abramson, Miami, for appellants.
Preddy, Haddad & Kutner, Miami, for appellees.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
Donald E. Clark, a minor, was involved in an automobile collision with the appellee who subsequently admitted liability. The minor, who claimed injury in the accident, sued through his father as next friend, and the father sued individually. The jury returned a five hundred dollar verdict upon the derivative claim of the father, and a "zero" verdict for the minor.
Appellants claim error in two particulars. The first urges that the "zero" verdict is inconsistent with the father's recovery. A review of the evidence in this cause does not sustain appellants' position. The evidence was in conflict as to whether the minor suffered compensable injuries. Therefore, the minor's "zero" verdict is not inconsistent with the father's recovery for medical bills and automobile damage. Cohen v. Springer Motor Co., Fla.App. 1966, 185 So.2d 748; White v. Acker, Fla. App. 1963, 155 So.2d 176.
Appellants' second point alleges an improper remark of appellees' counsel made in closing argument before the jury. At the end of the argument counsel said, "* * * if you allow damages for that and make us pay it, then you are asking for it." We have examined the record and find that this remark, which obviously refers to increased insurance rates as a result of recovery, can be reasonably interpreted as an appeal to passion and prejudice. See: Carls Markets v. Meyer, Fla. 1953, 69 So.2d 789; Morton v. Holaday, 121 Fla. 813, 164 So. 514 (1935).
In the instant case the remark was not necessarily reversible error. The appellant *40 objected to the remark and asked to have the jury instructed to disregard it; this was done. "The rule is well established in practically all jurisdictions that, when improper evidence is elicited or when improper evidence is volunteered, or when improper conduct on part of attorneys occurs, the charge of the trial court directing the jury to disregard such testimony, or such conduct, cures the error and corrects the irregularity." Wall v. Little, 102 Fla. 1015, 136 So. 676, 677 (1931). The specific remark was not made a basis for a claim for passion or prejudice in the motion for a new trial.
After considering the evidence in this case, and the verdict of the jury, we are not convinced that the jury was misled or influenced in its verdict by counsel's reference to increased insurance rates. See: Luster v. Moore, Fla. 1955, 78 So.2d 87; Lambert v. Higgins, Fla. 1953, 63 So.2d 631.
We have examined the record in light of the other arguments presented and find that reversible error is not present.
Affirmed.