PER CURIAM.
This appeal seeks review of a final order dismissing an action for declaratory relief, *145 pursuant to the provisions of Ch. 87, Fla. Stat., F.S.A.
The appellant sought to have certain rights adjudicated under the provisions of an insurance policy issued by it to the appellee, Alfonso T. Toran. In particular, it related to the question of whether or not its insured sustained an injury by an uninsured automobile which was defined, among other things, as one “with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder * * * The appellees, State Farm Mutual Automobile Insurance Company and Hartford Accident & Indemnity Company, may or may not have had liability insurance which would have covered the accident involved.
The appellee, Germaine Toran, as the widow and executrix of the estate of Alfonso T. Toran, filed an uninsured motorist claim in arbitration against the appellant, which prompted the instant action in the trial court. Among other things, the suit sought to have adjudicated whether or not the liability carriers of the appellees, Miguel Espina and Esther Es-pina, had properly denied coverage.
We affirm the action of the trial judge under the opinion of the Supreme Court of Florida in Columbia Casualty Co. v. Zimmerman, Fla.1952, 62 So.2d 338, and this court’s opinion in State Farm Mutual Ins. Co. v. Couch, Fla.App.1964, 167 So.2d 786.
It is apparent from the record that the Espinas carriers either contended that their policies were not applicable to the accident or that they denied coverage. Therefore, the plain provisions of the appellant’s policy, quoted above, met the test to activate the uninsured motorist provision of the appellant’s policy. Germaine Toran should be permitted to prosecute her arbitration. Of course,- in the event the appellant is required to pay any claim in those proceedings, it will be subrogated to the rights of the claimant,[1] and this proceeding should not be construed as preventing any further action on its subrogation rights against the appellees, State Farm Mutual Automobile Insurance Company and Hartford Accident & Indemnity Company.
Therefore, the order here under review is hereby affirmed.

. § 627.0851(4), Fla.Stat., F.S.A.