237 So.2d 208 (1970)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Leonard ROBBINS, Maynard Abrams, Paul B. Anton and Edward S. Resnick D/B/a Abrams, Anton, Robbins & Resnick, a Partnership, and Paul C. Luge, Appellees.
No. 69-506.
District Court of Appeal of Florida, Fourth District.
May 11, 1970.
Rehearing Denied August 4, 1970.
*209 Dieter K. Gunther, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellant.
Leonard Robbins, of Abrams, Anton, Robbins, Resnick & Burke, Hollywood, for appellees.
WALDEN, Judge.
State Farm Insurance Company appealed from a final summary judgment on the pleadings in favor of the plaintiffs, members of a law partnership, for services rendered on a contingent fee basis in an action to recover property damage incurred in an automobile accident. We reverse.
Luge, a third party defendant below, had automobile insurance with State Farm. On June 7, 1966, he was involved in an accident which totally destroyed his auto. He retained the plaintiff law firm which filed suit on June 21, 1966, against the other party involved in the accident. The suit included a claim for property damages. Luge and the law firm agreed to a contingent fee contract of 40% if suit was filed.
On September 2, 1966, State Farm paid Luge's property damage claim at the settlement amount of $1,265 less $101 in salvage for a net payment of $1,164. At that time State Farm obtained a subrogation receipt which gave State Farm all the rights of Luge against the other party involved in the accident as far as property was concerned.
On November 14, 1966, State Farm notified the plaintiff, law firm, that it wished to collect its interest in the property damage by itself, and asked that the plaintiffs file for only the insured's deductible.
On April 10, 1967, Luge settled his claim against the other driver after one and one-half days of trial for the sum of $18,700. The amount included all property damage. On the same day the plaintiffs wrote State Farm a letter which in substance offered to turn over to State Farm the property damage settlement after deducting 40% for their legal services. State Farm demanded that the entire amount be paid over, and the plaintiffs brought suit to decide the matter. The trial court granted summary judgment for the plaintiffs and awarded them 40% of the $1,164 paid into the registry of the court. It also dismissed the third party complaint against Luge.
The order of summary judgment and the brief of the appellees rely primarily on the case of Forsyth v. Southern Bell Telephone and Telegraph Company, Fla.App. 1964, 162 So.2d 916. We agree with the reasoning and decision in Forsyth, but believe that the facts of the instant case require the opposite result. The facts in Forsyth and the instant case are, practically speaking, exactly the same except for one important aspect. In Forsyth, when settlement was made between the insurer and the insured a "loan receipt" was given rather than a subrogation receipt. As the court in Forsyth stated:
"Under the condition and obligations of the loan receipt given by Forsyth to Columbia Casualty, the former agreed to repay Columbia Casualty the amount of its outlay in the event of recovery by Forsyth from Southern Bell. Forsyth also obligated himself to institute and carry to a conclusion an action at law against Southern Bell for the damages so suffered by him. We emphasize at this point that the cause of action for damages against Southern Bell was vested in Forsyth alone. Since Columbia Casualty took from Forsyth only a loan receipt at the time it discharged its obligation under its insurance contract, it did not thereby acquire a separate cause of action which would have supported a suit by it against Southern Bell for the amount advanced under its insurance policy with Forsyth. Because of this, Forsyth had *210 no option but to claim in his suit against Southern Bell not only damages for the personal injuries suffered by him, but also the property damages suffered by his automobile for which he had been previously reimbursed by Columbia Casualty. Had he failed to do this, he would have breached his obligations under the loan receipt and could not thereafter institute a suit in his name, or in the name of Columbia Casualty, to recover from Southern Bell for damages to his vehicle. Any attempt to have done this would have constituted a splitting of Forsyth's cause of action and foreclosed him from later recovering this element of his damages. It was for the foregoing reasons that Forsyth insisted upon claiming the property damages to his vehicle in the suit which he filed against Southern Bell, despite the express notice from Columbia Casualty that it would handle its own claim against Southern Bell and did not desire Forsyth's attorney to represent it in the litigation."
However, with a subrogation receipt, the parties can split the cause of action and the insurer can bring suit on his own rights derived from the insured. Rosenthal v. Scott, Fla. 1961, 150 So.2d 433.
Loan receipt and subrogation receipts were clearly distinguished in Rosenthal, supra, at 437. The Supreme Court stated:
"It is elementary that a loan receipt and a subrogation agreement are two different legal instruments."
The court in Forsyth pointed out that the complaining carrier, Columbia Casualty, could have avoided having to pay its share of the attorney's fee by obtaining a subrogation agreement.
"By doing so, Forsyth's claim for damages against Southern Bell would have been divided into two parts, each constituting a separate and independent cause of action enforceable against the wrongdoer, Southern Bell. Under such an assignment and subrogation agreement Columbia Casualty would have been the owner of the cause of action for the property damage suffered by Forsyth's vehicle, and could have enforced its claim either by direct negotiations and settlement, or by suit separately instituted against Southern Bell. Such an arrangement would have left Forsyth free to pursue his remedy for personal injuries in a separate suit against Southern Bell without violating any obligations he may have owed Columbia Casualty by virtue of the payment received from it for the damages to Forsyth's vehicle. It affirmatively appears, however, that Columbia Casualty failed to place itself in a position of being able to legally avoid the payment of fees to Forsyth's attorney by demanding and receiving from Forsyth an assignment and subrogation agreement as above mentioned."
Thus, we feel that the instant case is clearly distinguished from Forsyth, and therefore, State Farm was entitled to pursue its own recovery. The appellees could not maintain a cause of action belonging to State Farm after it had expressly told them to remove the rights assigned to it under the subrogation receipt from the action. See 7 Am.Jur.2d, Attorneys at Law, §§ 204, 205.
We daresay that we would reach a contrary result and allow attorney fees on a quantum meruit basis had not State Farm specifically notified the lawyers not to proceed on its behalf and had not State Farm acquired a separate cause of action through its subrogation agreement with Luge.
Since we feel that it is obvious that State Farm received no benefits from the appellees from the work performed on the suit from the time of their employment until they received notice of their discharge, there can be no recovery on a quantum meruit basis for the work performed during that period.
*211 Accordingly, the decision of the lower court is reversed with directions that the entire $1,164 recovered for property damages be turned over to State Farm.
Reversed and remanded.
CROSS, C.J., and McDONALD, PARKER LEE, Associate Judge, concur.