HENDRY, Judge.
This appeal deals with subrogation rights under an uninsured motorist provision in an automobile liability insurance policy. The parties have been before this court in Central Mutual Insurance Company v. Espina, Fla.App.1968, 208 So.2d 144.
Central Mutual Insurance Company (“Central Mutual”) instituted suit as plaintiff to recover from appellees, defendants below, the amount of an arbitration award, arbitration expenses, fees, costs and subsequent expenses in prosecuting the suit below. The appellees are State Farm Mutual Automobile Insurance Company (“State Farm”), Hartford Accident and Indemnity Company (“Hartford”), and Royal Caribbean Insurance Agency, Inc. (“Royal Caribbean”).
Central Mutual appeals from a final judgment dismissing its complaint with prejudice; the order also recites that it is not to be construed as being with prejudice to the right of Central Mutual to be sub-rogated to the rights of Toran, its insured, in the pending suit in Broward County, Florida.
Appellant, Central Mutual, insured Alfonzo Toran, decedent in an automobile crash. Toran’s widow sued Miguel Espina, the driver, and Esther Espina, the owner, in a suit now pending in Broward County, to which the court below referred in its order.
Hartford insured the driver, but denied coverage. State Farm insured the owner, and also denied coverage. Royal Caribbean was the insurance agent from which the Espinas procured their policies.
When State Farm and Hartford denied coverage, Toran became entitled to uninsured motorist coverage under Central Mutual’s policy, Central Mutual filed suit for declaratory judgment to test the validity of State Farm’s and Hartford’s denial of coverage. The trial court dismissed for lack of jurisdiction, and this court affirmed, at 208 So.2d 144.
Central Mutual then arbitrated its insured’s “uninsured motorist” claim. Toran’s widow sued in Broward County to approve the arbitration award. Later, Central Mutual brought the instant action in Dade County and alleged that the automobile liability insurance policy issued to decedent Alfonso Toran included uninsured motorist coverage with a subrogation provision, under § 627.0851(4), Fla.Stat., F.S.A. From the final judgment dismissing its complaint with prejudice, Central Mutual prosecuted the instant appeal.
Central Mutual contends that it may maintain a separate action, in its own name, against Hartford and State Farm for amounts Central Mutual incurred and paid to its insured under the uninsured motorist coverage activated when Hartford and State Farm denied coverage. Central Mutual argues that it is the successor to the interest of its insured as a third party beneficiary of the insurance contract between the alleged tortfeasors and their insurance carriers. Central Mutual asserts the third *96 party beneficiary status derives from: the Shingleton v. Bussey case,[1] Florida’s “real party in interest” rule,[2] and Florida’s Financial Responsibility Law.[3] Central Mutual contends that Royal Caribbean is liable to it for failure to provide and secure coverage under Florida’s Financial Responsibility Law.
On the other hand, State Farm and Hartford contend that Central Mutual’s right of subrogation cannot be pursued in a separate action, but it must step into the insured’s shoes in the already pending suit in Broward. Both appellees assert that the liability of the Espinas to Toran must first be established in the tort suit before Toran, or Central Mutual by virtue of its right of subrogation, can reach either carrier for the Espinas.
The Florida Supreme Court stated in Gould v. Weibel, Fla.1952, 62 So.2d 47, 49, that:
“Under the law of this state, the legal right to enforce the claim against the tort-feasor remains in the insured, even after payment of the loss by the insurer, and can be enforced by the insurer only in the right of the insured and, at law, only in the name of the insured for the use and benefit of the insurer. Atlantic Coast Line R. Co. v. Campbell for Use and Benefit of National Fire Ins. Co., 104 Fla. 274, 139 So. 886.”
See also: Douberley v. Angelini, Fla.App.1970, 240 So.2d 98, 100.
It appears that Germaine Toran, the widow and executrix of Central Mutual’s insured, proceeded to arbitration, and since Central Mutual was required to pay the claim it is now subrogated to the rights of the claimant. It is our view that Central Mutual may not institute an independent suit, in its own name, constituting a direct action against the defendant insurance companies (and insurance agent) to enforce its subrogation rights, but should resolve its rights in the now pending Broward County suit.
Affirmed.

.Fla.1969, 223 So.2d 713, affirming Fla.App.1968, 211 So.2d 593.

. Rule 1.210, Florida Rules of Civil Procedure, 30 F.S.A.

. Oh. 324, Fla.Stat., F.S.A.