ARMOUR PHARMACEUTICAL COMPANY, a corporation, Plaintiff,

v.

The HOME INSURANCE COMPANY, Defendant.

No. 71 C 2367.

United States District Court, N. D. Illinois, E. D.

Oct. 18, 1973.

Paul H. Heineke, Heineke, Schrader, Marsch & Cuncannan, Chicago, Ill., for plaintiff.

John Gorman, Clausen, Hirsh, Miller, & Gorman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This cause comes before the Court on defendant's motion to dismiss, or in the alternative, to compel either the appearance of the real party in interest under Rule 17(a), or the declaration of the real party in interest by the nominal plaintiff. For the reasons set forth below, the motion is denied.

### Statement of the Case

This action was commenced by Armour Pharmaceutical Co. ("Armour") against Home Insurance Co. ("Home") for recovery on a boiler and machinery policy, in relation to a loss allegedly sustained between March 27, 1970 and March 31, 1970. At the time of the loss there was also in effect an "all risk" policy written by the Excess Insurance Co., Ltd. ("Excess") (with a 95% interest) and Home (a 5% interest). In defendant's motion it is asserted that subsequent to certain discovery being taken in this matter, new facts indicate that Excess is the real party in interest and Armour is merely a nominal party.

In material submitted with Home's brief the following facts are discovered. Excess has agreed to pay the cost of the litigation and the attorneys' fees. Excess recommended certain counsel to Armour, who was subsequently retained by Armour. Excess has maintained a continuing interest in the lawsuit. However, there is no formal agreement or

guarantee by Excess that, should Home be successful in this litigation, Excess will immediately pay Armour. Neither Excess nor Home have been willing to pay. Excess did state that it is responsible should Home be victorious on the merits. However, if Home is successful on a technical ground (*e. g.*, late notice or late filing of suit), Excess disclaims responsibility.

■■ F.R.Civ.P. 17(a) provides that every action shall be prosecuted by the real party in interest. The determination of the real party in interest in insurance cases has had a complex history. To briefly summarize, the insurer will be found to be the real party in interest when there has been a complete subrogation of the insured's rights to him. Also, if a partial subrogation has occurred, the insurer may be deemed to be the real party in interest. See United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). Subrogation occurs through the payment of a claim to the insured; this allows the insurer to maintain the action. Central National Bank & Trust Co. of Peoria v. Central Illinois Light Co., 65 Ill.App.2d 287, 212 N.E.2d 489 (1965).

The concept of loan receipts has created some problems for federal courts. A loan receipt is an arrangement whereby the insurer advances money to the insured, with a right to the proceeds upon recovery. This practice has been held to be a sham, thus allowing use of Rule 17(a), but it has also been upheld as a valid loan. Compare City Stores Co. v. Lerner Shops, 133 U.S.App.D.C. 311, 410 F.2d 1010 (1969) with First National Bank of Ottawa v. Lloyd's of London, 116 F.2d 221 (7th Cir. 1940); see also Eastman Kodak Co. v. U. S. Fidelity

Guaranty Co., 34 F.R.D. 490 (D.Md. 1964). In these cases, the key determination has been the nature of the exchange of money between the insured and insurer.

■■ In the instant case, there has been no actual subrogation or loan receipt. No payment has been made. Defendant asserts that Excess has "guaranteed" payment, and has sponsored the litigation. However, it is clear that Armour has a right to proceed against Home. Further, there are no facts presented with the motion to validate the proposition that the guarantee is absolute. Excess has denied responsibility. Several deponents have denied any agreement. There is no absolute duty on Excess to pay. If Home is successful on its technical defense, Excess may go free. The fact that Excess has said that it will be responsible should Armour lose on the merits does not rise to the level of an enforceable obligation. Also, merely because one may benefit by the result in litigation does not make him "a real party in interest." *Cf.* Lindemann v. American Ins. Co., 217 Mich. 698, 87 N.W. 331 (1922).

■■ This case differs from the subrogation or loan receipt cases in that no money has been advanced, nor an unconditional, enforceable promise made. The substantial interest needed to be a real party for Rule 17(a) purposes is not met. The mere fact that court expenses and attorneys fees are paid by Excess does not make them a real party in interest. Armour has a claim against both insurers. It has not been assigned, subrogated or loaned. Thus, it is a real party in interest. Defendant's motion is denied.

It is so ordered.