394 So.2d 193 (1981)
HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM, a/s/o ABC Pools, Inc., and ABC Pools, Inc., Individually, Appellants,
v.
CONCRETE EQUIPMENT, INC., Appellee.
No. 80-825.
District Court of Appeal of Florida, Third District.
February 17, 1981.
*194 Pyszka & Kessler, P.A. and John C. Hamilton, Miami, for appellants.
Batchelor, Brodnax, Guthrie, Armstrong & Freyer and Alvaro L. Mejer, Miami, for appellee.
Before HUBBART, C.J., and SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Holyoke Mutual Insurance Company paid its insured, ABC Pools, Inc., for damages to ABC's property allegedly caused by a defective product sold to ABC by Concrete Equipment, Inc. Under the terms of the insurance policy and by operation of law, see, e.g., Rebozo v. Royal Indemnity Company, 369 So.2d 644 (Fla. 3d DCA 1979), Holyoke became subrogated to the cause of action, if any, which ABC had against Concrete.
Some two years after these events, ABC Pools, Inc. was involuntarily dissolved for failure to file its annual report. Thereafter, Holyoke, in its name, as subrogee of ABC, sued Concrete.
Concrete moved to dismiss Holyoke's complaint, contending that suit could only be brought in the name of ABC, the insured. The trial court agreed. Holyoke amended its complaint, now naming ABC as plaintiff for the use and benefit of Holyoke. Concrete parried with a motion to abate the action on the ground that ABC, a dissolved corporation, had no standing to sue. Since ABC was not only statutorily dissolved, but was indisputably defunct, the action, at first abated, was ultimately dismissed with prejudice. Caught in this Catch-22,[1] Holyoke appealed. We reverse.
We hold that neither Holyoke's amended complaint brought in the name of ABC for the use and benefit of Holyoke, nor Holyoke's complaint brought in the name of Holyoke as subrogee of ABC, was subject to dismissal. The trial court is directed upon *195 remand to vacate its dismissal of, and reinstate, whichever of these complaints Holyoke chooses to prosecute.
Holyoke, a subrogee of ABC's cause of action against Concrete, had the right, as the real party in interest, to prosecute the action in its name. Fla.R.Civ.P. 1.210(a); Rosenthal v. Scott, 150 So.2d 433, 436 (Fla. 1961) (rehearing); Indian River State Bank v. Hartford Fire Insurance Co., 46 Fla. 283, 328, 35 So. 228, 244 (1903); Rebozo v. Royal Indemnity Company, supra; Emmco Insurance Company v. Bankston, 163 So.2d 24 (Fla. 3d DCA 1964). Accord, State Farm Mutual Automobile Insurance Company v. Robbins, 237 So.2d 208 (Fla. 4th DCA 1970); Morgan v. General Insurance Company of America, 181 So.2d 175 (Fla. 1st DCA 1966). This rule of law is challenged by Concrete. Because Concrete's challenge has illusory support, we address it.
A statute providing that "any civil action at law may be maintained in the name of the real party in interest" was first enacted in Florida in 1870, repealed in 1873, and re-enacted in 1881. See Indian River State Bank v. Hartford Fire Insurance Co., supra. Continuously for the past one hundred years, this state has had a statute or rule permitting the real party in interest to prosecute actions in its name. In Indian River State Bank, supra, the Florida Supreme Court, relying upon the 1881 statute, held that the real party in interest had a right to maintain the action in its name.
"It will be observed that it is here distinctly alleged that Hamburg assigned and delivered the policy to the assignee bank with authority to collect the same and to appropriate out of the proceeds of such collection the debt due from him to the bank, the balance, if any to be accounted for by the bank to Hamburg. Whether this assignment was in writing or not does not appear; but however this may be, we think that it is shown from the allegations of this declaration that the plaintiff bank was such a `real party in interest' in the policy sued upon as to bring it within the purview of our statute authorizing it, as such real party in interest, to sue in its own name alone to recover upon such policy." 46 Fla. at 326, 35 So. at 243 (emphasis in original).
The court in Indian River State Bank held not only that the bank could sue in its own name, but also that the bank's amendment of its complaint changing the action from one brought by the bank's assignor (Hamburg) for the use and benefit of the bank to one brought by the bank in its own name was a permissible amendment. As will be seen, this second holding of Indian River State Bank ultimately leads to the transmogrification of the former holding.
In Atlantic Coast Line Railroad Co. v. Campbell, 104 Fla. 274, 139 So. 886 (1932), the plaintiff insurance company amended its complaint from one brought in its name to one brought in the name of another for the use and benefit of the insurance company. Relying upon the second holding of Indian River State Bank, the court found no error in the amendment:
"... the permission granted plaintiff to make an amendment to declaration to show that the suit was being maintained in the name of Campbell, for the use and benefit of the insurance company instead of in the name of the insurance company alone, was likewise without error under the principles stated in Indian River State Bank v. Hartford Fire Insurance Co., 46 Fla. 283, 35 So. 228 (1903)." 139 So. at 889.
Concrete reads this statement from Atlantic Coast Line Railroad Co. to mean that suit cannot be brought in the name of the real party in interest and that a suit must be brought for the use and benefit of such party. Atlantic Coast Line Railroad Co. announces no such exclusive rule. It merely holds (on the authority of the antecedent holding of Indian River State Bank that a party can amend its complaint to sue in the name of the real party in interest) that a party can amend its complaint to sue in another's name for the use and benefit of itself, the real party in interest.
The legerdemain which gives Concrete's challenge illusory support occurs in Gould v. Weibel, 62 So.2d 47 (Fla. 1952). There, citing *196 Atlantic Coast Line Railroad Co. as authority, the Supreme Court declared, in dictum[2]:
"Under the law of this state, the legal right to enforce the claim against the tort-feasor remains in the insured, even after payment of the loss by the insurer, and can be enforced by the insurer only in the right of the insured and, at law, only in the name of the insured for the use and benefit of the insurer. Atlantic Coast Line R. Co. v. Campbell for Use and Benefit of National Fire Ins. Co., 104 Fla. 274, 139 So. 886." 62 So.2d at 49.
This declaration overlooks the holding in Indian River State Bank; contradicts the then extant "real party in interest" statute [Section 45.01, Florida Statutes (1951)]; and, moreover, is totally unsupported by Atlantic Coast Line Railroad Co.
The actual holding of Gould is that where an insurance company, by means of a loan receipt transaction, has advanced to an insured the amount of the insured's loss, the insured cannot be compelled to bring its action "for the use and benefit of" the insurer. Although it is acknowledged in Gould that under the loan receipt arrangement there involved, it is generally held "that the loan thus made is not, per se, such a payment of insurance as to make the insurer the `real party in interest,'" 62 So.2d at 48, the decision does not turn on that distinction. Instead, the Gould court decides that even were the insurer a real party in interest, it was not, given the permissive nature of the real party in interest statute, and given the fact that the insured's action would bar the insurer from a later action on the same claim, a necessary party. Thus, the holding of Gould is not that a suit cannot be prosecuted by the real party in interest, but that a real party in interest need not be joined.
It is in Rosenthal v. Scott, supra, that Gould is unmasked. It is in Rosenthal that we are told:
"It is elementary that a loan receipt and a subrogation agreement are two different legal instruments. Only in the latter is the subrogee the real party in interest who is entitled to bring suit in its own name." 150 So.2d at 437.
Thus, even had Gould decided, which it did not, that the insurer could not sue in its name, that decision would not apply where the insurer is, as here, a bona fide subrogee (an indemnitor, not a lender) and thus a real party in interest. See also Forsyth v. Southern Bell Telephone & Telegraph Co., 162 So.2d 916 (Fla. 1st DCA 1974). Compare Indiana Insurance Company v. Collins, 359 So.2d 916 (Fla. 3d DCA 1978) (where one of the court's holdings was that an insurer which has not made payment of a loss to an insured is not a subrogee entitled to maintain the action). Holyoke, a bona fide subrogee and real party in interest, had, then, on the authority of Indian River State Bank and its legitimate progeny, the right to sue in its name, the contrary illusion created by Gould notwithstanding.
Alternatively, Holyoke had the right to maintain its action in the name of ABC, for the use and benefit of Holyoke. See Atlantic Coast Line Railroad Co. v. Campbell, supra. Florida's "real party in interest" rule is permissive only.[3]Cf., e.g., City of Lakeland v. Select Tenures, Inc., 129 Fla. 338, 176 So. 274 (1937); Bringley v. C.I.T. Corporation, 119 Fla. 529, 160 So. 680 (1935); Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264 (1933); Jennings v. Pope, 101 Fla. 1476, 136 So. 471 (1931) (holding that the "real party in interest" statute, Section 45.01, Florida Statutes, now embodied in Florida Rule of Civil Procedure *197 1.210(a), is permissive). Holyoke's right to maintain the suit in ABC's name is not changed by the dissolution of ABC.[4] The subrogee inherits only an impediment to the cause of action, see, e.g., Jones v. Bradley, 366 So.2d 1266 (Fla. 4th DCA 1979) (where subrogor's action was barred by res judicata, subrogee's action was similarly barred), not an impediment personal to the subrogor. Cf. Holley v. Shaw, 143 Fla. 445, 196 So. 863 (Fla. 1940) (prior assignee of subsequently dissolved corporation could maintain action).
We conclude, therefore, that an insurer which has paid an insured's loss is a subrogee of the insured's cause of action against a tort-feasor; that such subrogee, as the real party in interest, is permitted, but not required, to prosecute and maintain an action against the tort-feasor in its own name; that such subrogee is alternatively permitted, but not required, to prosecute and maintain an action against the tort-feasor in the name of the insured for the use and benefit of the subrogee; and that only a bar inhering in the cause of action of the subrogor will act as a bar to the cause of action brought by the subrogee.
We reverse and remand for further proceedings not inconsistent with this opinion.
NOTES
[1] "Can't you ground someone who's crazy?" [asked Yossarian.]

"Oh, sure, I have to. There's a rule saying I have to ground anyone who's crazy." [said Doc Daneeka.]
.....
"Is Orr crazy?"
.....
"He has to be crazy to keep flying combat missions after all the close calls he's had. Sure I can ground Orr. But first he has to ask me to."
.....
"And then you can ground him?" Yossarian asked.
"No. Then I can't ground him."
"You mean there's a catch?"
"Sure there's a catch," Doc Daneeka replied.
"Catch-22. Anyone who wants to get out of combat duty isn't really crazy."
"That's some catch, that Catch-22."
"It's the best there is." Doc Daneeka agreed. J. Heller, Catch-22 46 (2d rev. ed. 1971).
[2] Even were the statement not dictum, we would choose to follow the precedent of Indian River State Bank, which we believe accurately states the proper rule of law. We recede from Indiana Insurance Company v. Collins, 359 So.2d 916 (Fla. 3d DCA 1978), and Central Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co., 247 So.2d 94 (Fla. 3d DCA 1971), in which we converted the Gould dictum into a holding.
[3] Compare Fed.R.Civ.P. 17(a), which is mandatory. See, e.g., Armour Pharmaceutical Co. v. Home Insurance Co., 60 F.R.D. 592 (N.D.Ill. 1973); Reliance Insurance Co. v. Wisconsin Natural Gas Co., 60 F.R.D. 429 (E.D.Wis. 1973).
[4] We do not decide whether subrogation rights acquired after dissolution would require a different result.