254 So.2d 851 (1971)
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, a Corporation, Appellant,
v.
Samuel BENSON and Billy J. Kelly, Appellees.
No. 71-319.
District Court of Appeal of Florida, Third District.
November 23, 1971.
Rehearing Denied December 21, 1971.
Yates & Fann, Miami Shores, for appellant.
George C. Volgelsang, Miami, for appellees.
Before PEARSON and CHARLES CARROLL, JJ., and LESTER, M. IGNATIUS, Associate Judge.
LESTER, M. IGNATIUS, Associate Judge.
Plaintiff, American Bankers Insurance Company of Florida, appeals from a final judgment after a jury verdict in its favor *852 in an action by plaintiff as subrogee of the rights of its insured against a third party. The insured, Billy J. Kelly, was involved in an automobile collision with Justa Abreu. Kelly made a claim for property damage to his automobile against his insuror, American Bankers. American Bankers paid Kelly $597.48 and received a receipt and subrogation assignment from Kelly subrogating American Bankers to the rights of Kelly for that property damage against the other party involved in the accident.
Kelly retained an attorney, Samuel Benson, for the purpose of pursuing a claim against Abreu for property damage and bodily injury. Benson negotiated a settlement with Abreu's insurance company, First National Insurance Company of North America, for bodily injury and property damage. American Bankers made demand under its subrogation rights upon defendants, Kelly and Benson, for the $597.48 property damage received from Abreu's insuror. The defendants refused to pay same, but offered to pay $362.66, which represented the amount demanded less a one-third attorneys' fee for Benson for settling the claim and $25.00 costs.
American Bankers filed suit for the full amount. Defendants answered, and set up as an affirmative defense, a claim of Benson for a one-third attorneys' fee on the basis of quantum meruit and prayed for attorneys' fees under § 627.0127, Fla. Stat., F.S.A. and costs. The defendants deposited the $597.48 into the court registry.
At the close of all the evidence, American Bankers moved for a directed verdict which was denied. The jury returned a verdict for American Bankers in the amount of $362.66 and the court entered final judgment thereon. Thereafter, upon motion of defendants, the trial court taxed costs of $236.20 and attorneys' fees of $1250.00 against American Bankers. American Bankers' motion to set aside the verdict and for new trial was denied.
American Bankers contends on appeal that the trial court erred in denying the motion for directed verdict and the motion to set aside the verdict and for new trial. It argues that Benson was not entitled to a quantum meruit recovery for attorneys' fees for settling the property damage claim, and that under the subrogation agreement, American Bankers was entitled to the full $597.48 recovered from Abreu's insuror.
We do not agree and must affirm the final judgment. In State Farm Mutual Automobile Ins. Co. v. Robbins, Fla.App. 1970, 237 So.2d 208, an almost identical situation was involved. There, the court held that the attorneys for the insured were not entitled to a quantum meruit recovery for settling a claim against a third party. The holding in Robbins was based in part on the fact that the insuror gave notice to the insured's attorneys of its subrogation rights and told them not to proceed on its behalf to recover property damage prior to the settlement with the third party. However, the court stated at 210:
"We daresay that we would reach a contrary result and allow attorney fees on a quantum meruit basis had not State Farm specifically notified the lawyers not to proceed on its behalf * * *."
The record in this case reflects that American Bankers had knowledge that Kelly was represented by Benson and the name of Abreu's insurance company prior to the settlement. No notice was given to either of American Bankers subrogation rights, and, therefore, it was not error to award Benson attorneys' fees on a quantum meruit basis.
American Bankers next contends that the trial court erred in allowing attorneys' fees and in taxing costs in favor of defendants. The award of attorneys' fees was based on § 627.0127(1), Fla. Stat., F.S.A., which provides:
"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy *853 or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." (Emphasis Added)
This statute must be strictly construed, and in this case no judgment was rendered against the insuror, American Bankers, which permits the recovery of attorneys' fees. Likewise, the defendants did not recover a judgment for which legal costs and charges may be allowed under § 57.041, Fla. Stat., F.S.A. Therefore, the orders taxing attorneys' fees and costs are reversed.
Affirmed in part; reversed in part.