SPECTOR, Acting Chief Judge;
Appellee was involved in an automobile accident and as a result of his injuries he required hospitalization. He had hospitalization insurance which paid $3,285.15 of a hospital bill in the amount of $5,758.40, leaving unpaid a balance due and owing to the hospital for $2,473.25 for which amount appellee gave an assignment to the hospital of any amounts he might receive from insurance benefits and settlements flowing from the accident giving rise to his hospitalization. Parenthetically, it should be observed that appellee’s hospitalization was sufficient to pay the cost of a double room, but appellee insisted upon a private room and agreed to pay the increased cost thereof and the balance here claimed by the hospital stemmed from such increased cost.
In due course, appellee filed suit in the court below to recover for his injuries, and before the suit came on for trial Mr. Tu-rnan and the defendant’s liability carrier, Canal' Insurance Company, entered into a settlement agreement for $40,000.00. Having notice of the aforementioned assignment and the hospital’s claim thereunder, Canal issued its check payable to both Mr. Turnan and the hospital. Thereupon, Mr. Turnan filed a motion for “equitable distribution”, and upon hearing thereon the lower court entered its order allocating $1,500.00 toward payment of the hospital’s claim for $2,473.25. It is that order of “equitable distribution” that is now here for review.
Appellant contends there is no legal authority to support the trial court’s order for the reason, inter alia, that the court ignored the existence of a valid assignment of Mr. Tuman’s claim up to the amount of the balance due on the hospital bill. We agree and reverse.
Appellant hospital was not a party to the settlement negotiations or agreement between appellee and the insurance company. It did nothing and appellee points to nothing by which its claim under Tuman’s assignment can authoritatively be reduced. As contended by appellant, that authority is not furnished by the ruling in American Bankers Insurance Co. of Florida v. Benson, 254 So.2d 851 (Fla.App.1971), since that case involved a subrogation claim and the case at bar does not.
Accordingly, the judgment or order reviewed herein is reversed.
JOHNSON, J., and DREW, E. HARRIS (Ret.), Associate Judge.