347 So.2d 672 (1977)
UNITED STATES FIRE INSURANCE COMPANY, Appellant,
v.
Charles H. VAN IDERSTYNE and Joanne Van Iderstyne, Appellees.
No. 76-2672.
District Court of Appeal of Florida, Fourth District.
June 3, 1977.
Roy R. Watson of Adams, Sullivan, Coogler & Watson, West Palm Beach, for appellant.
Cone, Owen, Wagner, Nugent, Johnson & McKeown and Larry Klein, West Palm Beach, for appellees.
DAUKSCH, Judge.
This appeal involves the uninsured/underinsured motorist statute.
On October 1, 1973 Chapter 73-180 took effect to amend Section 627.727, Florida Statutes by providing that all insurance policies issued after that date must provide uninsured and underinsured motorist coverage in limits not less than the liability coverage limits in the policy.
On October 29, 1973 an insurance policy endorsement was issued by Appellant to Appellee to add an automobile and the premium therefor. The liability limits on the originally issued policy and the endorsement were $50,000/$100,000 and the uninsured motorist coverage limits were $10,000/$20,000.
In January, 1974 Appellees' minor son was struck and killed by an automobile. The coverage on that automobile was $25,000 and the Appellees settled their claim against the owner and operator of the car and their insurance company for $27,000. The Appellees now make claim against their underinsured motorist coverage as they say is provided by the policy and/or the endorsement of October 29, 1973 in compliance with the statute.
For us to decide is the correctness vel non of an Order granting partial Summary Judgment for Appellee and denying Summary Judgment for Appellant. The Order is an interlocutory Order in an equitable action for declaratory relief. We hear this appeal under Fla.App. Rule 4.2. Kingdon v. Walker, 156 So.2d 208 (Fla.2d DCA 1963); Auto Owners Insurance Company v. West, *673 260 So.2d 534 (Fla.3d DCA 1972); Travelers Insurance Company v. Wilson, 261 So.2d 545 (Fla.4th DCA 1972).
The issue as set out by the trial court in its Order is the interpretation of the effect of the endorsement of October 29, 1973. We agree with the trial court which said there are three possible interpretations:
"a. The endorsement relates back to the date of the issuance of the original policy. Under this interpretation, [Appellant] would prevail.
b. Issuance of the endorsement constitutes a reissuance or redelivery of the entire policy. Under this interpretation, [Appellees] would prevail.
c. Issuance of the endorsement constitutes issuance of a severable and independent contract of insurance. Under this interpretation, [Appellees] would prevail."
There is no question that the endorsement and the policy are interrelated and interdependent. If it were not for the endorsement the second automobile would not be covered and if it were not for the policy we wouldn't know most of the terms of the coverage. We must look to three sources for a complete definition of the rights and obligations of the two parties. First to the original policy to find the definition of all the terms of the coverage as contemplated by the parties at the time the contract was entered into, and the identity of the vehicle covered. Second to the endorsement to find the identity of the second vehicle and the amount of coverage applicable to that vehicle. Third to the statutes, regulations and the law governing insurance contracts.
It is not unheard of for the legislature to pass a law and an insurance company not recognize the law and issue a policy not in conformance therewith. In a case such as this, this court has written into the policy a provision to comply with the law. Allison v. Imperial Casualty and Indemnity Co., 222 So.2d 254 (Fla.4th DCA 1969).
In the case at bar the statute required the insurance policy to contain uninsured/underinsured coverage in an amount not less than the liability coverage. Since this was not done the pivotal question is whether or not this court should write into the policy and/or the endorsement the coverage.
The exact question has not been answered in Florida but in Idaho it was and we cite Gem State Mutual Life Association v. Gray, 77 Idaho 157, 290 P.2d 217 (1955). In that case a policy was issued in 1941 which had no provision in regard to attorney's fees for a claimant's attorney in the event of a successful suit contesting the policy. In 1951 their legislature passed a law providing for such fees. In 1953 the claimant purchased additional coverage under the 1941 policy and later had to litigate the policy with the company. When the successful claimant sought attorney's fees the company protested the policy did not provide for attorney's fees and the additional coverage was merely a part of that policy and the law of 1941 was applicable. That court said:
"... it provides additional insurance separate and apart from that provided by the original policy, for which a separate and additional consideration was agreed upon and paid. Thus it is in effect a severable and independent part of the original contract."
This is the reasoning we must apply here, the additional coverage for the added car with the concomitant additional premium constituted a separate and severable contract issued on October 29, 1973. The legislature said policies issued then must have what Appellee claims so we affirm the trial court's ruling.
AFFIRMED.
MAGER, C.J., concurs.
CROSS, J., concurs in conclusion only.