362 So.2d 364 (1978)
The AETNA CASUALTY & SURETY COMPANY, Appellant,
v.
Kenneth Erwin FULTON, Appellee.
No. 77-923.
District Court of Appeal of Florida, Fourth District.
August 16, 1978.
Rehearing Denied September 25, 1978.
Edna L. Caruso of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellant.
Larry Klein and Cone, Owen, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellee.
MOORE, Judge.
This is an appeal from a final declaratory judgment in which the trial court held that the plaintiff-appellee's "personal and professional excess indemnity policy" (commonly referred to as an umbrella policy) provided appellee with $5,000,000 of uninsured motorist coverage.
Appellee, a doctor, has a "family automobile policy" which covered three family automobiles and provided $300,000 in uninsured *365 motorist benefits. The clinical laboratory of which appellee was a member carried professional liability insurance with the appellant, Aetna Casualty and Surety Co. As a condition to writing the professional liability insurance, Aetna required each of the members of the clinical laboratory to carry a $5,000,000 umbrella policy to insure against personal liability. This policy was obtained for the appellee by the administrator of the clinical laboratory and provided appellee with $5,000,000 of excess personal liability insurance and $25,000 excess uninsured motorist insurance.
Under Section 627.727, Florida Statutes (1975), an automobile liability insurance policy must have provided uninsured motorist insurance in an amount not less than the limits of the liability insurance purchased by the insured for bodily injury, unless the insured selected lower limits. Appellee successfully contended at the trial level that because he had not selected a lower limit he was statutorily entitled to uninsured motorist coverage in the amount identical to the liability coverage, to wit: $5,000,000. We agree with the trial court's decision.
Appellant presents two distinct arguments. First, it contends that Section 627.727 applies only to automobile liability insurance policies and the "personal and professional excess indemnity policy" is not an automobile liability insurance policy. This contention has no merit.
By the terms of the umbrella policy, appellee was covered up to $5,000,000 for liability arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile or recreational vehicle when his liability exceeded that covered by his "family automobile policy." Although the umbrella policy provided personal injury liability coverage for liability incurred in other ways[1], it nevertheless provided automobile liability insurance. The definitional section of the umbrella policy makes it apparent that the policy was concerned largely with liability arising out of the use of automobiles. The policy itself provided uninsured motorists coverage in the amount of $25,000 for each accident and required underlying, minimum primary limits of automobile liability coverage. We, therefore, hold that this was a policy providing automobile liability insurance activating the requirements of Section 627.727, Florida Statutes (1975). See, Aetna Casualty and Surety Co. v. Green, 327 So.2d 65 (Fla.1st DCA 1976).
Appellant next contends that appellee "selected" the lower limit of $25,000 uninsured motorist coverage because appellee specifically contracted for this amount. It is undisputed that appellee was never offered a higher amount and that appellant would not have written the policy for a higher amount even if it had been requested. How can it be said that an insured "selected" a lower limit when the transaction was a "take it or leave it" proposition? As Judge Smith stated in American Motorists Ins. Co. v. Weingarten, 355 So.2d 821 (Fla.1st DCA 1978):
"... an informed rejection of additional uninsured motorist coverage could not, without extrinsic evidence, be implied from the insured's signature on an application for uninsured motorist coverage to lower limits."
We find sound reasoning in the opinion of our sister court. See also Lumbermen's Mutual Cas. Co. v. Beaver, 355 So.2d 441 (Fla.4th DCA 1978).
The trial court was eminently correct in entering a final declaratory judgment in favor of appellee and is AFFIRMED.
CROSS and BERANEK, JJ., concur.
NOTES
[1] It is interesting to note the policy did not provide professional liability coverage.