384 So.2d 1360 (1980)
TRAVELERS INDEMNITY COMPANY, a Foreign Corporation, Appellant,
v.
Robert F. CHISHOLM, Appellee.
No. 79-715.
District Court of Appeal of Florida, Second District.
July 2, 1980.
Richard C. Stoneman of Stoneman, Mattson & McGrady, St. Petersburg, for appellant.
Barry M. Salzman of Chambers & Salzman, P.A., St. Petersburg, for appellee.
OTT, Judge.
Appellant, Travelers Indemnity Company, appeals from an order awarding attorney's fees to its insured, appellee Robert Chisholm. We reverse.
In March 1977, appellee filed a complaint against appellant seeking to establish uninsured motorist benefits under the policy equal to the liability limits of 25/50. Appellant defended on the ground that appellee had rejected UMC limits equal to the liability limits and, instead, had elected UMC limits of 10/20. On the date the case came on for nonjury trial, the parties stipulated that the policy covered two vehicles and that the UMC limits  as finally determined  were "stackable." The stipulation specified that the sole issue to be tried concerned whether or not uninsured motorist limits equal to the liability limits had been "knowingly rejected" in favor of the lower limits of 10/20 specified in the application and the policy. On this issue partial final judgment was entered in favor of the appellant. The court reserved jurisdiction "for further proceedings on the issue of damages."
*1361 Counsel for appellant thereafter repeatedly offered the additional $10,000 available by virtue of the stacking claim.[1] Appellee consistently rejected the offer during the pendency of his motion for rehearing. On November 17, appellee's motion for rehearing was denied, and he began proceeding toward appeal. In correspondence dated December 6, 1978, appellant's counsel repeated the settlement offer, stating, "We are not foreclosing the possibility of negotiations of your attorney's fee, as that's part of the settlement." Near Christmas, appellee executed an unconditional release and was paid $10,000.[2]
Thereafter, appellee filed a motion for attorney's fees in the original proceeding. The trial court entered an order awarding appellee attorney's fees based on the existence of a dispute between the parties.
In an action on an insurance policy, the jurisdiction of the trial court to require the insurer to pay a reasonable attorney's fee for the insured exists only as provided by statute. Such a fee award pursuant to statute is recognized as a penalty provision. American National Insurance Co. v. de Cardenas, 181 So.2d 359 (Fla. 3d DCA 1965). Section 627.428(1), Fla. Stat. (1979), provides in pertinent part:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured ... the trial court . . shall adjudge [and] decree against the insurer and in favor of the insured . . a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had.
This statute must be strictly construed. American Bankers Insurance Co. v. Benson, 254 So.2d 851 (Fla. 3d DCA 1971).
Under the above statute, the jurisdiction of the trial court to award attorney's fees to an insured is dependent upon conditions imposed by the statute. The paramount condition is the entry of a judgment against the insurer and in favor of the insured. In the instant case appellee never recovered a favorable judgment or decree against the appellant. Therefore the trial court had no legal basis for its award of attorney's fees. Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973); Bankers Multiple Line Insurance Co. v. Blanton, 352 So.2d 81 (Fla. 4th DCA 1977); American Home Assurance Co. v. Keller Industries, Inc., 347 So.2d 767 (Fla. 3d DCA 1977); Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974).
Appellee argues that the holding in Cincinnati Insurance Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974) is controlling. This was a suit on a fire insurance policy. In that case the court upheld the insured's entitlement to attorney's fees without the necessity of a judgment being entered against the insurer. The insurer had steadfastly refused to make payment under the policy for over three months after it was completely satisfied as to coverage together with the amount and proof of loss. The policy required payment within 60 days after proof of loss. The insured filed suit to compel payment of the proceeds. Thereafter, the insurer paid up in accordance with the insured's suit. We find Cincinnati Insurance clearly distinguishable in that there was a genuine dispute over payment that was only resolved in the insured's favor after he brought suit. In the instant case, there was never any dispute as to the stacking claim. The only real dispute was over what were the limits of uninsured motorist coverage. That issue was resolved against appellee.
Accordingly, the order appealed from is reversed.
SCHEB, C.J., and GRIMES, J., concur.
NOTES
[1] Liability coverage of the first $10,000 was available from the third party tortfeasor.
[2] We express no opinion on whether the unconditional release precluded any claim for attorney's fees since that is not an issue herein.