395 So.2d 1211 (1981)
UNITED STATES Fidelity & GUARANTY COMPANY, Appellant,
v.
Keith K. WALN, Appellee.
No. 80-239.
District Court of Appeal of Florida, Fourth District.
March 18, 1981.
Rehearing Denied April 15, 1981.
*1212 Steven Billing of Hainline & Billing, P.A., and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellant.
Dewey A.F. Ries, Fort Lauderdale, and Joel Berman, Plantation, for appellee.
HERSEY, Judge.
This appeal presents two questions of statutory interpretation involving Section 627.727(1) Florida Statutes, pertaining to Uninsured/Underinsured Motorist coverage.
Appellant Insurance Company first issued an automobile liability policy to appellee in 1970. A renewal policy was issued each *1213 year thereafter containing uninsured motorist coverage. The policy for 1974-1975 provided bodily injury liability coverage of $100,000 per person and $300,000 per occurrence. Uninsured motorist coverage of $15,000/$30,000 was included. Because of a change in the law applicable to that year and policy, appellee was advised by appellant that his policy was required to contain uninsured motorist coverage equal to his bodily injury liability limits unless he specifically elected another alternative. He was requested to select one of three available options: (1) to increase uninsured motorist coverage to equal bodily injury liability limits, at an additional cost of $84.00; or (2) to continue the coverage contained in his policy; or (3) to reject uninsured motorist coverage entirely. Appellant specifically elected the second alternative.
A policy containing the same coverages was issued for 1975-1976. Two days after the effective date of this policy, a "change in automobile policy" went into effect, deleting one automobile and adding another. As a result of this substitution there were slight changes in premium caused by differences in values of the two cars, so that collision and comprehensive coverages required adjustment.
Appellee was involved in an automobile accident and made a claim under his uninsured motorist coverage. The parties stipulated that whatever the amount of coverage available, appellee was entitled to stack his coverage since he owned two insured automobiles. The disagreement arose over the amount involved.
Appellant takes the position that the 1975-1976 policy was a "renewal" rather than a new policy. The applicable statute with the pertinent portion emphasized provides:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage. When a vehicle is leased for a period of 1 year or longer and the lessor of such vehicle, by the terms of the lease contract, provides liability coverage on the leased vehicle in a policy wherein the lessee is a named insured or on a certificate of a master policy issued to the lessor, the lessee of such vehicle shall have the sole privilege to reject uninsured motorist coverage. Unless the named insured, or lessee having the privilege of rejecting uninsured motorist coverage, requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy when the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer. § 627.727(1), Fla. Stat. (1976 Supp.)
Under appellant's view there was no requirement to obtain another written waiver from appellee in connection with the "change in automobile policy" and the coverage remained at $15,000/$30,000.
Appellee takes the view that substitution of automobiles required a "new" policy and since appellant failed to require a new waiver from him the uninsured motorist coverage was automatically increased to $100,000/$300,000.
The trial court agreed with appellee's position and rendered judgment finding coverage after stacking of $200,000.
The controlling law was established in Hartford Accident and Indemnity Co. v. Sheffield, 375 So.2d 598 (Fla.3d DCA 1979). In that case a policy containing lower liability *1214 limits than a preceding one, as to which uninsured motorist coverage had been expressly waived, was not a renewal policy within the contemplation of the statute. Accordingly, uninsured motorist insurance was available in the same amount as the bodily injury liability coverage. The test established by the Sheffield court, which we adopt, was whether the original policy has been changed "in any material respect." If it has, then the policy is "new" rather than a "renewal" and the insurance company is required to provide the insured with an opportunity to reject uninsured motorist coverage or to elect a decreased amount. This interpretation is based upon public policy favoring uninsured motorist coverage. Hodges v. National Union Indemnity Co., 249 So.2d 679 (Fla. 1971).
We have previously held that the addition of an automobile by endorsement to an insurance policy required the insurance company to afford the insured a new opportunity to reject uninsured motorist coverage. United States Fire Insurance Co. v. Van Iderstyne, 347 So.2d 672 (Fla. 4th DCA 1977). By implication that case stands for the proposition that the addition of an automobile, requiring the establishment of new and different insurance coverages, constitutes a material change in the policy. Thus, the "renewal policy" exception does not apply.
The issue here is whether a substitution of automobiles similarly constitutes a material change. This question has recently been answered in the negative. State Farm Mutual Automobile Insurance Co. v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980). We agree.
We hold that in the absence of additional specifically requested changes, in the case of a simple substitution of automobiles, where the number of automobiles remains the same and there is no change in the bodily injury liability coverages the policy has not been changed in any material respect. That being so, the policy in effect here at the time of the accident was a renewal policy and the amount of available uninsured motorist coverage, after stacking, was $30,000.
Another question on appeal is whether appellant is entitled to setoff against the available uninsured motorist entitlement that amount of workers' compensation insurance actually paid to appellee or whether the present value of future payments may also be included in the total to be set off. Section 627.727(1), Florida Statutes (1976 Supp.) provides in pertinent part:
The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured under, any workmen's compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident. Such coverage shall not inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.
The fact that appellant incidentally furnishes both uninsured motorist insurance to appellee and workers' compensation insurance to appellee's employer has no bearing on the resolution of this issue. It is our view that this issue is appropriately put to rest by the rationale in Government Employees Insurance Co. v. Lang, 387 So.2d 976, 977 (Fla. 2d DCA 1980), in which the court, discussing "benefits available" under Section 627.727(1), stated:
We can find no authority for appellee's contention that only benefits "actually received" by the insured can be applied as an offset against his uninsured/underinsured motorist coverage. There is nothing in the statute or elsewhere suggesting that the word "available" in Section 627.727(1) was not used intentionally. We believe that a tortfeasor's liability insurance coverage is "available" to one injured at the hands of the former, even though proceedings have not yet been instituted against the tortfeasor.
*1215 There is little to distinguish an entitlement to future damages under a tortfeasor's liability insurance policy from future benefits to be received from workers' compensation insurance in the context of this legal issue.
Although not raised by either party, we note that Section 627.727(1) was amended in 1979 to include the following sentence "Only the underinsured motorist's automobile liability insurance shall be set off against underinsured motorist coverage." This language precludes a setoff for workers' compensation benefits. However, there is a split in our appellate courts on the question of whether the 1979 version applies retroactively. The First District is of the view that to retroactively apply the statute to an insurance contract entered into before its enactment would be an unconstitutional impairment of contract. Carter v. Government Employees Insurance Co., 377 So.2d 242 (Fla. 1st DCA 1979). On the other hand, the Fifth District determined that the 1979 statute applied retroactively and interpreted Section 627.727(1) as it existed prior to the 1979 change to harmonize with the amended statute. State Farm Mutual Automobile Insurance Co. v. Bergman, supra.
We agree with Carter v. Government Employees Insurance Co., supra, on this issue and conclude that appellant was entitled to a setoff for future workers' compensation benefits. However, this setoff should not result in an automatic reduction of appellee's uninsured motorist benefits. Rather, the setoff should be only for those benefits actually covered by workers' compensation and appellee should be given the opportunity to prove other damages, such as pain and suffering. Lackore v. Hartford Accident & Indemnity Co., 390 So.2d 486 (Fla. 4th DCA 1980).
We therefore reverse the judgment on both issues and remand for further appropriate proceedings.
REVERSED AND REMANDED.
GLICKSTEIN, J., and WETHERINGTON, GERALD T., Associate Judge, concur.