412 So.2d 367 (1981)
Ruth SPAULDING, As the Mother and Natural Guardian of Joseph Spaulding, a Minor, Appellant,
v.
AMERICAN FIRE & INDEMNITY COMPANY, Fidelity & Casualty Company of New York, Kenilworth Insurance Company and Robert J. Troyan, Appellees.
No. 80-1328.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
Rehearing Denied April 28, 1982.
Rehearing Denied June 9, 1982.
*368 Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellant.
Keith H. Park of Albury, Park, Glenn & Heuer, West Palm Beach, for appellees-American Fire & Indem. Co.
GLICKSTEIN, Judge.
This is an appeal from a final judgment on a counterclaim for declaratory relief holding that uninsured motorist coverage available to appellant is limited to $15,000. We disagree and reverse. Appellant also argues that the trial court erred in striking her motion for attorney's fees. As for that order, we affirm.
Appellant's minor son, Joseph Spaulding, was injured on December 1, 1978, while a passenger in a vehicle operated by Bradford Suder, owned by Bradford's father, Burton Suder, and insured by appellee, American Fire & Indemnity Company (AFIC) when a vehicle operated by appellee, Robert J. Troyan, and insured by appellee, Kenilworth Insurance Company, collided with the Suder vehicle. Appellant was insured by Fidelity & Casualty Company of New York (F & C).
The AFIC policy issued to Burton Suder provided bodily injury liability coverage of $250,000 per person and $500,000 per occurrence and uninsured motorist coverage of $15,000 per person and $30,000 per occurrence. Appellant's F & C policy provided uninsured motorist coverage of $10,000 per person and $20,000 per occurrence. Kenilworth's coverage of Troyan was only $10,000 per person and it offered its policy *369 limits to appellant to settle her claim on behalf of her son. Although F & C approved the settlement AFIC did not. Therefore, appellant instituted an action[1] for damages against Troyan and Kenilworth, for uninsured motorist benefits against AFIC and F & C and for attorneys' fees from AFIC.[2]
AFIC counterclaimed for declaratory relief to determine whether appellant had standing to assert the uninsured motorist coverage available to her was greater than $15,000; if she had standing, what amount of coverage was available to her; and whether stacking was applicable. Appellant filed a general denial and sought attorneys' fees. The trial court granted AFIC's motion to strike appellant's claims for attorneys' fees in her complaint and in her answer to counterclaim. It also granted AFIC's motion to sever the counterclaim. The parties proceeded to non-jury trial upon the sole question raised by the counterclaim of whether AFIC's uninsured motorist coverage was $15,000 or $250,000. The trial court concluded the lower amount was correct.
Section 627.727(1), Florida Statutes (1977) required uninsured motorist coverage in any automobile liability insurance policy except "when, or to the extent that, any insured named in the policy shall reject the coverage." The statute further provided that if the named insured had rejected the coverage in a policy previously issued to him by the same insurer, coverage in a renewal policy need not be provided absent written request for same by the named insured. Section 627.727(2), Florida Statutes (1977) specified that the limits of the uninsured motorist coverage shall not be less than the limits of bodily injury liability insurance purchased by the named insured or such lower limit as the named insured may select.
The evidence here establishes that S & H Insurance, Inc. was Mr. Suder's insurance agent. Its president was Mr. Hawkins and its personal lines representative handling Mr. Suder's account was Ms. Hall.
Ms. Hall testified at her deposition, which was received into evidence, that on November 3, 1977, Mr. Suder spoke with her by *370 telephone and authorized her to increase his bodily injury liability insurance per person from $100,000 to $250,000, but instructed her to maintain his uninsured motorist coverage per person at $15,000, although she informed him that coverage of $250,000 was available to him. Subsequent to the foregoing policy change, according to Ms. Hall, there were at least two changes in the policy prior to the accident  one to add one of his children to the policy[3] and another to add a Datsun[4]  and on neither occasion did she offer increased UMI coverage to Mr. Suder.[5]
The transcript of the non-jury trial reflects that the following took place:
THE COURT: Now, at this time, I think Mr. Park's [appellee's counsel] stipulation comes into effect because he says from November '77 there were no UMI limits offered following that through the date of the accident, through December of '78.
... .
THE COURT: However, what I'm saying is he admits from this time following this date that there was no offer made. That's his stipulation.
MR. PARK: That's correct, Your Honor.
While Mr. Hawkins was being cross-examined at trial by appellant's attorney, Mr. Damsel, as to what occurred when the Datsun 260-Z was added to the policy in September, 1978, the following took place:
THE COURT: ... . Isn't the only relevant thing, so far as your position is concerned, is that no additional UMI was offered at that time?
MR. DAMSEL: Yes, sir.
... .
Q. (By Mr. Damsel) Was there any additional UMI offered him at that time, Mr. Hawkins?
A. No, sir.
Burton Suder testified that all he wanted was $15,000 per person uninsured motorist coverage; and that such coverage was what he intended because he did not want to spend any more money on his automobile insurance. He stated on cross-examination that he did not recall any specific conversations concerning uninsured motorist coverage.
When considering Section 627.727(1), the court in Lancaster Oil Co. v. Hartford Accident & Indem. Co., 486 F. Supp. 399, 401 (N.D.Fla. 1980), said:
Unless the named insured selects lesser coverage, the uninsured motorist coverage is by operation of law equal to the general liability coverage. Aetna Casualty and Surety Co. v. Fulton, 362 So.2d 364 (Fla. 4th DCA 1978); Lumbermen's Mutual Casualty Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978); Allstate Insurance Co. v. Baer, 334 So.2d 135 (Fla. 3d DCA 1976). Rejection of coverage equal to the liability limits must be affirmative and knowing. Wilson v. National Indemnity Co., 302 So.2d 141 (Fla. 1st DCA 1974).
The question is whether the insurer was required to inform the insured, Burton Suder, of his statutory right to higher uninsured motorist coverage when his premium was increased for the coverage of another vehicle and for the coverage of another driver, even though the insured had previously affirmatively rejected higher coverage.
Our decision in United States Fire Ins. Co. v. Van Iderstyne, 347 So.2d 672 (Fla. 4th DCA 1977), provides the answer. In construing Section 627.727(1), Florida Statutes (1973) we said that an endorsement to an automobile liability insurance policy, adding an automobile and the premium therefore, constituted issuance of a severable and separate contract of insurance. Implicit in that decision is the conclusion that *371 when an automobile is added to the policy the insurer must offer uninsured motorist coverage equal to the liability coverage so that the insured may accept, totally reject or opt for lesser coverage. More recently in adopting the test established by the third district in Hartford Accident and Indemnity Co. v. Sheffield, 375 So.2d 598 (Fla. 3d DCA 1979), we said that if the original policy has been changed "in any material respect," then "the policy is `new' rather than a `renewal' and the insurance company is required to provide the insured with an opportunity to reject uninsured motorist coverage or to elect a decreased amount." United States Fidelity & Guaranty Co. v. Waln, 395 So.2d 1211, 1214 (Fla. 4th DCA 1981). Although we held in Waln that a mere substitution of automobiles, where the number of automobiles and the coverage remained the same, was not a material change in the policy, we also recognized to the contrary that the addition of another automobile constitutes a material change:
We have previously held that the addition of an automobile by endorsement to an insurance policy required the insurance company to afford the insured a new opportunity to reject uninsured motorist coverage. United States Fire Insurance Co. v. Van Iderstyne, 347 So.2d 672 (Fla. 4th DCA 1977).
Id. See also Sheffield, supra at 600.
Sub judice we have not one, but two automobiles added to the policy between November 4, 1977 and December 1, 1978 and an uncontradicted record that no offer of increased uninsured motorist coverage was made in that period. There can be no informed rejection in the absence of an informing offer.[6]
Lastly, we reject appellant's argument that the trial court erroneously struck her claims for attorneys' fees. The last sentence of Section 627.727(6), Florida Statutes (1977) expressly provides that "[t]he provisions of s. 627.428 shall not apply to any action brought pursuant to this section against the uninsured motorist insurer." (emphasis added). We think this clear unequivocal language means what it says, i.e., that an attorneys' fee award, as provided for in Section 627.428,[7] is impermissible in an action brought pursuant to Section 627.727. Our conclusion is also supported by several cases which hold that a fee award pursuant to Section 627.428(1) is a penalty provision and must be strictly construed. Lumbermens Mutual Ins. Co. v. American Arbitration Assoc., 398 So.2d 469 (Fla. 4th DCA 1981); Travelers Indemnity Co. v. Chisholm, 384 So.2d 1360 (Fla.2d DCA), pet. for review denied, 392 So.2d 1372 (Fla. 1980); American Home Assur. Co. v. Keller Industries, 347 So.2d 767 (Fla.3d DCA 1977), cert. denied, 360 So.2d 1249 (Fla. 1978), cert. dismissed, 367 So.2d 1124 (Fla. 1979); American Bankers Ins. Co. of Florida v. Benson, 254 So.2d 851 (Fla.3d DCA 1971).
Accordingly, we affirm the order striking attorneys' fees and reverse the final judgment and remand with directions that judgment be entered declaring AFIC's uninsured motorist coverage to be $250,000 per person.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
ANSTEAD and HERSEY, JJ., concur.

OPINION ON REHEARING
GLICKSTEIN, Judge.
While appellee American Fire and Indemnity Company's motion for rehearing was under consideration, two decisions, Prygrocki v. Industrial Fire & Casualty Insurance Co., Case No. 80-1849 (Fla. 4th DCA December 16, 1981), and Florida Farm Bureau Mutual Insurance Co. v. Quinones, Case No. 80-101 (Fla. 3d DCA January 19, 1982), were rendered. These decisions require *372 our reconsideration sua sponte of whether appellant was entitled to attorneys' fees incurred in the defense of the counterclaim filed by appellee.
In Prygrocki we held "an insured," other than the named insured or a relative of the named insured, was within the classification of those entitled to recover attorneys' fees under section 627.428(1), Florida Statutes.[1] The claimant, "a pedestrian," sustained bodily injury caused by an accident arising out of the use of a motor vehicle insured under the personal injury protection coverage of a policy issued by the insurance company. 7 Fla.L.W. at 67. Because the policy obligated the insurer to pay certain damages to a pedestrian injured under these circumstances, we said the claimant "clearly was an omnibus insured [and, a]s `an insured, [he] fell squarely within the unambiguous language of section 627 428(1), Florida Statutes." Id.[2]
The situation here is analogous. The injured person was a passenger in the motor vehicle appellee insured. Even appellee, in its written rebuttal argument to the trial court, recognized the injured person was a "covered person" under the underinsured motorists coverage endorsement to appellee's policy.[3] However, appellee continues to maintain its trial court position that the injured party is not "an insured" as the term is used in section 627.428(1), because he is not the named insured, nor in privity with him, nor a member of his family. We reject this argument and hold that a "covered person" under the underinsured motorists coverage endorsement is "an insured" as the term is used in section 627.428(1), Florida Statutes and therefore entitled to attorneys' fees.[4]
*373 Appellee also argues that appellant is not entitled to attorneys' fees because the last sentence in section 627.727(6) is all-inclusive: "The provisions of s. 627.428 shall not apply to any action brought pursuant to this section against the uninsured motorist insurer." Appellee alleges its counterclaim falls within the parameters of this sentence because the issue of coverage necessarily would have been involved in the disposition of appellant's complaint which she brought pursuant to section 627.727(6), making her ineligible for attorneys' fees. Appellee claims it should not be penalized for raising the specific issue of coverage by counterclaim; and that by not seeking declaratory relief, appellant waived any rights she may have had to attorneys' fees. Inherently this argument puts at issue legislative intent and Quinones has disposed of same.
In Quinones the injured person brought suit, and obtained judgment, against his uninsured motorist carrier for insurance benefits. The Third District Court of Appeal held, inter alia, that: the plaintiff was entitled to attorneys' fees because he had satisfied section 627.428(1) by obtaining a judgment on the merits against his insurer on a policy executed by the insurer; and section 627.727(6) eliminates attorneys' fees in that limited type of action which the uninsured motorist initiates after his uninsured motorist carrier declines to approve a settlement between the insured and the tortfeasor's liability carrier. We believe the foregoing conclusions are correct.[5]
The two issues raised in the counterclaim which are relevant to this appeal are whether appellant has standing to challenge the amount of uninsured motorists coverage provided by the policy appellee issued to the owner of the vehicle in which the injured person, a non-relative, was riding and, if appellant does have standing, what amount of insurance coverage exists. Attorneys' fees would have been recoverable pursuant to section 627.428(1) prior to the enactment of section 627.727(6) had the insured prevailed in an action against or in defense of one by the insurer upon these issues. By amending section 627.727, the legislature did not intend to eliminate the right to fees which existed before the amendment.
Therefore, we reverse the trial court's order striking appellant's claim for attorneys' fees incurred in the defense of the counterclaim and remand for further proceedings. Our final consideration is of appellee's motion for rehearing, which we deny, adhering to our original opinion except as to attorneys' fees.
REVERSED AND REMANDED.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] Section 627.727(6), Florida Statutes (1977) provided:

If an injured person or, in the case of death, the personal representative agrees to settle a claim with a liability insurer and its insured for the limits of liability, and such settlement would not fully satisfy the claim for personal injuries or wrongful death so as to create an uninsured motorist claim against the uninsured motorist insurer, then such settlement agreement shall be submitted in writing to the uninsured motorist insurer, which shall have a period of 30 days from receipt thereof in which to agree to arbitrate the uninsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release. If the uninsured motorist insurer does not agree within 30 days to arbitrate the uninsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person or, in the case of death, the personal representative may file suit joining the liability insurer's insured and the uninsured motorist insurer to resolve their respective liability for any damages to be awarded; however, in such action, the liability insurer's coverage shall first be exhausted before any award may be entered against the uninsured motorist insurer, and any such award against the uninsured motorist insurer shall be excess and subject to the provisions of s. 627.727(1). Any award in such action against the liability insurer's insured shall be binding and conclusive as to the injured person and uninsured motorist insurer's liability for damages up to its coverage limits. The provisions of s. 627.428 shall not apply to any action brought pursuant to this section against the uninsured motorist insurer.
[2] The last sentence of Section 627.727(6) expressly excluded an action brought pursuant to said section from the provisions of Section 627.428. Subsection (1) of the last mentioned statute provides:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[3] Mr. Suder's son was added as a driver in early 1978 requiring an additional premium of $281.10.
[4] The Datsun was added as an additional automobile several months later in 1978 requiring an additional premium of $93.66.
[5] The evidence adduced at trial also showed that a Ford Pinto was added to the policy in April, 1978, requiring an additional premium of $43.52.
[6] See Travelers Ins. Co. v. Spencer, 397 So.2d 358, 361 (Fla. 1st DCA 1981), where the court held that Section 627.727(1):

[I]mposes a duty on the insurer to inform the insured of his statutory options so as to enable him to make an informed decision regarding the amount of UM protection, if any, he desires.
[7] See note 2, supra.
[1] Section 627.428(1) provides:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. (emphasis added)
[2] In Prygrocki we also alluded to a footnote appearing in American & Foreign Ins. Co. v. Avis Rent-A-Car System, Inc., 401 So.2d 855, 858 n. 7 (Fla. 1st DCA 1981) wherein there was a reference to the supreme court's opinion in Roberts v. Carter, 350 So.2d 78 (Fla. 1977): "While the [Roberts] court did not define `contracting insured', the clear, unambiguous language of the statute speaks of `an insured.' It seems obvious that the court intended that a `contracting insured' is `an insured' as defined in the particular contract of insurance." In Roberts the claimant was seeking recovery of attorneys' fees against the tortfeasor's insurer, and the court, denying relief, said that section 627.428(1) was to benefit "the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured." 350 So.2d at 79 (footnote omitted).
[3] The underinsured motorists coverage endorsement provides:

"Covered person" as used in this endorsement means:
1. You or any family member.
2. Any other person while occupying your covered auto.
3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above.
[4] We note that recently the Third District Court of Appeal, in Earnest v. Southeastern Fidelity Ins. Co., 7 Fla.L.W. 65 (Fla. 3d DCA, December 15, 1981), held that the daughter of the named insured who was injured while a passenger in her father's vehicle was entitled to attorneys' fees from her father's insurer, saying:

The statute [section 672.428(1)] has been interpreted as creating liability against an insurer for attorneys' fees incurred by an individual who, while not the named insured, is in a first-party relationship to the insurer against whom he has been forced to litigate the coverage issue. E.g. United States Fidelity & Guaranty Co. v. State Farm Mut. Auto Ins. Co., 369 So.2d 410 (Fla. 3d DCA 1979) (insurer responsible for attorney's fees of resident spouse of named insured); Smith v. Conlon, 355 So.2d 859 (Fla. 3d DCA 1978) (insurer liable for attorneys' fees of individual unrelated to named insured, on jury finding that he used car of named insured with permission)... .
But see that court's decision in Fernandez v. Alonso, 375 So.2d 8 (Fla. 3d DCA 1979), denying attorneys' fees to plaintiffs who recovered PIP benefits from the insurer of the colliding vehicle upon the ground that plaintiffs' only connection with the named insured was that his automobile struck their commercial vehicle.
[5] We also agree with Judge Pearson's concurring opinion that the placement of the last sentence of Section 627.727(6) in the sub-section creates an ambiguity.