437 So.2d 730 (1983)
Jay Stuart KOBERT, et al., Appellants/Cross Appellees,
v.
Robert J. ZAREM, et al., Appellees/Cross Appellants.
No. 82-717.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
Motion for Rehearing and/or to Certify Conflict Denied October 3, 1983.
*731 J.J. Simons and Nancy Little Hoffmann, Fort Lauderdale, for appellants/cross appellees.
Richard A. Sherman of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Miami, for appellee/cross appellant, Aetna Cas. & Surety Co.
BERANEK, Judge.
This is an appeal by an insured contesting the amount of uninsured motorist coverage and a cross appeal by an insurer contesting the existence of any coverage. We affirm as to coverage and reverse as to the amount.
On May 1, 1979, appellant, Norman Kobert, selected uninsured motorist coverage benefits of $10,000/20,000 on a policy which became effective six days later. On June 22, 1979, he added a third automobile and a fourth driver to his policy increasing his premium by $186. At this time, Aetna did not offer Mr. Kobert the opportunity to increase his uninsured motorist limits to equal the $500,000 bodily injury protection which he carried. Approximately one year later, his son, Jay, was injured when the uninsured moped[1] he was operating collided with a vehicle operated by a motorist who carried liability insurance of only $10,000. Mr. Kobert and his son sued the tortfeasor, his insurer, and Aetna. They settled with the tortfeasor and his insurer for the policy limits. The suit against Aetna proceeded on the grounds that Mr. Kobert had not rejected uninsured motorists limits in an amount equal to his liability coverage. Aetna affirmatively defended claiming that the policy specifically excluded uninsured motorist coverage where an insured was operating a vehicle owned by the insured and not covered under the policy. Furthermore Aetna affirmatively alleged that Mr. Kobert had executed a waiver accepting uninsured motorist benefits of $10,000/20,000.
Two issues were tried before the trial court: (1) whether the policy afforded any underinsured motorist protection to the minor son for the injuries sustained in this accident; and (2) if any coverage was afforded, the amount of said coverage. As to the first issue, Aetna took the position that under the exclusionary provision of the policy coverage was negated. The court rejected that argument and found coverage under the Aetna policy for underinsured motorists benefits. This ruling is the basis of Aetna's cross appeal. As to the second issue, the Koberts argued that the insurance policy was substantially and materially changed by the addition of the new vehicle and driver and that the policy in effect on the date of the accident was a "new" rather than a "renewal" policy. According to the Koberts, Aetna was required at that time to offer uninsured motorists limits in an amount equal to the bodily injury limits. The trial court disagreed and held that the policy was a "renewal" policy. Thus, the court limited coverage to the amount of $10,000 in accordance with Mr. Kobert's initial selection of uninsured motorist limits in that amount. The Koberts appeal this ruling.
Our task has been simplified by two decisions by this court. On the question of coverage, we recently issued our opinion in State Farm Mutual Automobile Insurance Company v. Lewis, 425 So.2d 603, 606 (Fla. 4th DCA 1982), where we held a similar exclusionary provision invalid:
Accepting appellant's basic contention, uninsured motorist coverage protects the *732 insured if he is occupying his own insured car or any car, insured or not, that is not owned by him, or if he is not occupying any car at all. Such coverage, though, does not apply while he is occupying cars owned by him, but not insured by him. In our view it does not make sense for uninsured motorist coverage to attach to the insured everywhere except when he enters his own uninsured car. Such an exception would mean that the coverage follows the insured at some times, but follows the insured automobile at other times. Just as the Supreme Court rejected such an exception in Mullis [v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971)] we reject such an exception here.
We affirm the existence of coverage.
As to the issue of amount, the case of Spaulding v. American Fire & Indemnity Company, 412 So.2d 367 (Fla. 4th DCA 1981), is directly on point. That case stands for the proposition that when an insured adds a vehicle and driver to a policy with a commensurate increase in his premium, the insurer is obligated to offer increased uninsured motorist coverage in the amount of liability coverage. Having failed to do so, there is no informed rejection and the insured's uninsured motorist coverage limits equals his liability coverage limits. Based on this decision, we reverse and remand with directions that a judgment be entered declaring the insured's limits of uninsured motorist coverage to be $500,000.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY, J., concurs.
HERSEY, J., concurs specially with opinion.
HERSEY, Judge, specially concurring.
Precedent compels me to concur with the result and the reasoning of the majority opinion. Were we blazing a new trail with the benefit of hindsight I would vigorously support the position that the legislature always intended what the statute now provides; that is, uninsured motorist coverage need not be offered an insured except (1) upon an initial application for liability insurance coverage and again (2) at the time of annual renewal thereof. § 627.727, Fla. Stat. (1981). Such coverage need not be offered AGAIN in connection with a policy that "renews, extends, changes, supersedes, or replaces an existing policy issued to him by the same insurer" where coverage has previously been offered and either accepted, limited or rejected. The present rules encourage fraud and lest we lose sight of reality: it is a simple fact that insurance companies do not lose money or pay taxes  stockholders and/or policyholders do. I specially concur.
NOTES
[1] We do not decide whether the moped was a motor vehicle under the policy since we have previously invalidated the exclusion in question. See State Farm Mutual Automobile Insurance Company v. Lewis, 425 So.2d 603 (Fla. 4th DCA 1982).