445 So.2d 671 (1984)
John A. CONEY, Appellant,
v.
GENERAL INSURANCE COMPANY, Appellee.
No. 83-2001.
District Court of Appeal of Florida, Third District.
February 21, 1984.
Jack L. Herskowitz, Miami, for appellant.
Joe N. Unger, Kopplow & Flynn, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff-insured appeals from a summary judgment entered in favor of defendant-insurer. The sole issue for our review is *672 whether the seller of a liability insurance policy is obligated to renew the offer to purchase uninsured motorist coverage where the purchaser, who had rejected uninsured motorist coverage only four months earlier, returns to add comprehensive collision coverage to the policy. We answer in the negative and affirm.
When the original insurance policy was issued on July 6, 1981, plaintiff rejected in writing any uninsured motorist coverage. On November 7, 1981, he added comprehensive collision coverage to the existing policy. It is undisputed that plaintiff was not again offered uninsured motorist coverage at the time the collision coverage was added. The trial court granted summary judgment for defendant, concluding as a matter of law that:
The provisions of F.S. 627.727(1) apply to automobile liability insurance and not to collision insurance. Therefore, a change in the policy, not in anyway affecting the policy provisions regarding liability coverage, will not require the insurer to provide uninsured motorist coverage unless specifically rejected by the insured. cf. Hartford Accident & Indemnity Co. v. Sheffield, 375 So.2d 598 (3d DCA 1979).
While we agree that summary judgment for the defendant was appropriate in this case, our affirmance is for reasons other than as stated in the judgment. The applicable statute is Section 627.727, Florida Statutes (1981),[1] which provides in relevant part:
627.727 Automobile liability insurance; uninsured vehicle coverage; insolvent insurer protection. 
(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state ... unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles... . However, the coverage required under this section shall not be applicable when ... any insured named in the policy shall reject the coverage... . Unless the named insured, or lessee having the privilege of rejecting uninsured motorist coverage, requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy, or any other policy which extends, changes, supersedes, or replaces an existing policy issued to him by the same insurer, when the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer. Each insurer shall at least annually notify the named insured of his options as to coverage required by this section... . [e.s.]
Under prior case law, the test for determining whether Section 627.727(1) required an insurance company to afford the insured a new opportunity to reject uninsured motorist coverage was whether the original policy had been changed in any material respect. Maxwell v. United States Fidelity & Guaranty Co., 399 So.2d 1051, 1054-55 (Fla. 1st DCA 1981); Hartford Accident & Indemnity Co. v. Sheffield, 375 So.2d 598, 600 n. 3 (Fla. 3d DCA 1979). That determination was necessary because, under the previous version of Section 627.727,[2] a new offer of uninsured motorist coverage was unnecessary only as to renewal policies. Thus, if a policy were materially *673 changed, it was not a renewal policy and the insurer was required to re-offer uninsured motorist protection. Compare Sheffield (policy change which significantly lowered liability limits was material, so that insurer was required to secure a second rejection of UM coverage) and United States Fire Insurance Co. v. Van Iderstyne, 347 So.2d 672 (Fla. 4th DCA 1977) (insurer required to re-offer UM coverage where another automobile was added to the existing liability policy) with United States Fidelity & Guaranty Co. v. Waln, 395 So.2d 1211 (Fla. 4th DCA), rev. denied, 407 So.2d 1106 (Fla. 1981) (insurer not required to re-offer UM coverage where policy change was a substitution of automobiles having no effect on bodily injury liability coverage).
As noted above, however, the legislature amended Section 627.727(1), effective October 1, 1980. Act of July 9, 1980, Ch. 80-396, § 1, Laws of Fla. 1587 (codified at § 627.727(1), Florida Statutes (1981)). This amendment has the effect of "eliminating any possibility that this section will again be interpreted as requiring an offer of uninsured motorist coverage with every `material' policy change." American Fire & Indemnity Co. v. Spaulding, 442 So.2d 206 (Fla. 1983); see also Kobert v. Zarem, 437 So.2d 730, 732 (Fla. 4th DCA 1983) (Hersey, J., specially concurring). Rather, the new statute makes it clear that an insurer need not renew the offer of uninsured motorist coverage even if there is any change in an existing policy within the annual policy period.
Plaintiff's claim that his insurer was required to secure a second rejection of uninsured motorist protection when he changed his policy to add collision coverage is thus without merit owing to the new statutory language.
Summary judgment is AFFIRMED.
NOTES
[1] There is no doubt but that the 1981 statute applies to the case at bar, since all relevant dates were in late 1981. Cf. United States Fire Insurance Co. v. Van Iderstyne, 347 So.2d 672 (Fla. 4th DCA 1977) (statute in effect at time of endorsement which added additional automobile and premium therefor controlled disposition of case, rather than statute effective on date of issuance of the original policy).
[2] Until the 1980 amendment to the statute, Section 626.727(1) provided in part:

... Unless the name insured, or lessee having the privilege of rejecting uninsured motorist coverage, requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy when the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.