RYDER, Acting Chief Judge.
Appellant, Alvarez Plumbing Company (Alvarez), leased a building from appellee, Malvern A. Coker. On April 26, 1983, the building was destroyed by a fire.
Appellee filed a three-count complaint against appellants, Alvarez and its insurer, AIU Insurance Company (AIU). In Count I, appellee alleged that appellant Alvarez breached an oral lease agreement between appellee and appellant which required that appellant insure the building and its improvements and contents for their full values against fire loss. Appellee alleged that as a direct and proximate result of appellant’s breach of the oral lease, appellee was damaged in sums “equaling the difference between the full value of his building, loss of its use, improvements, personalty and contents, and any sums payable under the AIU policy.”
In Count II, appellee contended that the fire and resulting destruction of the building, improvements and contents was caused by appellant’s negligence. Appellee alleged that as a direct and proximate result of appellant’s negligence, appellee was damaged in sums “equaling the difference between the full value of his building, loss of its use, improvements, personalty and contents, and any sums payable under the AIU policy.”
In Count III, appellee set forth his claim against appellant’s insurer, AIU. Appellee contended that his building was insured under the terms of the policy between AIU and appellant. Appellee alleged that AIU breached the terms of its insurance policy “by failing and refusing to pay appellee for the loss of his building and its improvements and contents.” Appellee sought judgment against AIU for damages, interest, costs and attorney’s fees.
The jury found appellant negligent and found damages in the sum of $22,390.00. The trial court entered final judgment in appellee’s favor and reserved for later determination appellee’s claim for attorney’s fees against appellants.
After a hearing, the trial court entered an order granting appellee’s motion for attorney’s fees against AIU. The trial court assessed attorney’s fees in favor of appel-lee in the sum of $30,000.00.
Appellants appeal from the order awarding appellee attorney’s fees. Appellants argue that section 627.428(1), Florida Statutes (1985), only authorizes an award of attorney’s fees in favor of an insured against an insurance company when the insured must sue the insurance company to recover under a policy executed by the insurer. We agree and reverse the award of attorney’s fees to appellee. Section 627.428(1) provides, in pertinent part:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
A trial court’s jurisdiction to award an insured a reasonable attorney’s fee is a matter of legislative grace. The trial court’s jurisdiction to award an attorney fee to an insured is dependent upon the conditions imposed by the statute. “[T]he paramount condition is the entry of a judgment against the insurer and in favor of the insured.” Traveler’s Indemnity Co. v. Chisholm, 384 So.2d 1360 (Fla. 2d DCA 1980). Third party claimants are not within the class of insureds under a contract and, thus, are not entitled to recover an attorney’s fee pursuant to section 627.-428(1). Industrial Fire & Casualty Insurance Co. v. Prygrocki, 422 So.2d 314 (Fla. 1982).
In the instant case, the insurance policy provided the following coverage:
$50,000.00 being the limit of the Company’s liability for all damages as the re- *319 suit of any one accident, as respects property owned by others consisting of building in the care, custody or control of the Insured ... and occupied as Plumbing Contractor the Company agrees with the named Insured to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of such property.
Section IV, clause 1 defined insured as:
1. The unqualified word “Insured” includes the named Insured and also includes any partner, executive officer, director or stockholder thereof while acting within the scope of his duties as such.
2. This insurance does not apply to liability assumed by the Insured under any contract or agreement.
Thus, appellee was not a named insured or omnibus insured under the basic liability policy that appellant had with AIU. Appel-lee did not become an insured by virtue of any alleged oral agreement between appellant Alvarez and appellee for appellant to insure appellee’s building. AIU’s policy specifically excluded coverage for any liability assumed by its insured under any contract or agreement with another party.
Alvarez’s policy with AIU was a basic liability policy which merely protected appellant from liability to appellee for damage to appellee’s building. Appellee was not an insured under the policy. The policy language “as respects property owned by another” did not make appellee an insured under the policy.
Appellee’s claim in the trial court below was as a third party claimant on a negligence theory. Appellee was not entitled to an award of attorney’s fees under section 627.428(1). Accordingly, we reverse the award of attorney’s fees.
Reversed.
FRANK and HALL, JJ., concur.